# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re INTUNIV ANTITRUST LITIGATION<br><br>This Document Relates to: *Indirect Purchaser Actions* | Civ. Action No.      1:16-cv-12396-ADB |

## SHIRE'S ANSWER TO INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT

Defendants Shire LLC and Shire U.S., Inc. (collectively, "Shire"), by and through their attorneys, hereby answer the Consolidated Amended Class Action Complaint and Jury Demand of Plaintiffs Tina Picone, Sherry Cummisford, Carmen Richard, and Shana Wright, individually and on behalf of all others similarly situated (the "Plaintiffs").

## I.    NATURE OF ACTION[1]

1.    Shire admits that this purports to be a civil antitrust action, and denies the remaining allegations in paragraph 1.

2.    Shire admits the allegations in paragraph 2.

3.    Shire admits that Intuniv was approved in 2009 and Intuniv's active ingredient is guanfacine hydrochloride.  Shire lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 3 and therefore denies them.

4.    To extent the allegations in paragraph 4 are legal conclusions, no response is required.  To the extent a response is required, Shire states that the federal statutory and regulatory provisions described or alluded to in paragraph 4 speak for themselves, denies any characterization of those provisions, and denies the remaining allegations in paragraph 4.

5.    To the extent the allegations in paragraph 5 are legal conclusions, no response is required.  To the extent a response is required, Shire states that the federal statutory and regulatory provisions described or alluded to in paragraph 5 speak for themselves, denies any characterization of those provisions, and denies the remaining allegations in paragraph 5.

6.    To the extent the allegations in paragraph 6 are legal conclusions, no response is required.  To the extent a response is required, Shire states that the federal statutory and

---

[1] As a preliminary matter, Shire denies any and all allegations and characterizations contained in the various headings and descriptions spread throughout the Complaint.

regulatory provisions described or alluded to in paragraph 6 speak for themselves, denies any characterization of those provisions, and denies the remaining allegations in paragraph 6.

7.     To the extent the allegations in paragraph 7 are legal conclusions, no response is required.  To the extent a response is required, Shire states that the federal and state statutory and regulatory provisions described or alluded to in paragraph 7 speak for themselves, denies any characterization of those provisions, and denies the remaining allegations in paragraph 7.

8.     Shire admits branded pharmaceutical companies sometimes launch generic versions of their branded drugs, denies any characterization of the circumstances surrounding a brand manufacturer's decision or process for such a launch, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 and therefore denies them.

9.     Shire lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 and therefore denies them.

10.     Shire admits that in its July 30, 2015 Securities and Exchange Commission ("SEC") Second Quarter 10-Q, Shire reported that "[t]otal product sales including Intuniv were broadly flat compared to the second quarter of 2014 (up 6% on a Non GAAP CER basis) at $1,476 million (2014: $1,470 million), as product sales in the second quarter of 2015 were held back by significantly lower Intuniv sales (down 91% to $9 million) following the introduction of generic competition from December 2014."  Shire further states that its July 30, 2015 SEC Second Quarter 10-Q speaks for itself, denies any characterization of the filing, and denies the remaining allegations in paragraph 10.

11.     Shire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and therefore denies them.

12.     Shire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore denies them.

13.     Shire admits that managed care organizations ("MCOs") including health insurance companies and pharmacy benefit managers ("PBMs") have tiered formularies. Shire lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 and therefore denies them.

14.     Shire denies the allegations in paragraph 14.

15.     Shire denies the allegations in paragraph 15.

16.     Shire admits that plaintiffs purport to bring an action under Florida, Massachusetts, Missouri, New York, and Wisconsin state laws, and denies the remaining allegations in paragraph 16.

**II.     PARTIES**

17.     Shire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies them.

18.     Shire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore denies them.

19.     Shire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore denies them.

20.     Shire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore denies them.

21.     Shire admits the allegations of the first sentence in paragraph 21, and denies the remaining allegations in paragraph 21.

22.     Shire admits the allegations of the first sentence in paragraph 22, and denies the remaining allegations in paragraph 22.

23.     To the extent this paragraph alleges that Actavis Elizabeth LLC was a party to an illegal agreement, Shire denies those allegations.  Shire lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 and therefore denies them.

24.     To the extent this paragraph alleges that Actavis Holdco Inc. or Actavis Elizabeth LLC was a party to an illegal agreement, Shire denies those allegations.  Shire lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 and therefore denies them.

25.     The allegations in paragraph 25 set forth legal conclusions for which no response is required.  To the extent a response is required, Shire denies the allegations in paragraph 25.

26.     Shire denies the allegations in paragraph 26.

## III.     JURISDICTION

27.     Shire admits that plaintiffs purport to assert claims under Fla. Stat. § 501.201, et seq., Mass. G.L. c. 93A § 1, et seq., N.Y. Gen. Bus. Law § 349, et seq., Mo. Rev. Stat. § 407.020, et seq., N.Y. Gen. Bus. Law § 340, et seq., and Wis. Stat. § 133.03, et seq., and denies the remaining allegations in paragraph 27.

28.     Shire admits that the Court has jurisdiction over Shire and states that the remaining allegations in paragraph 28 set forth legal conclusions for which no response is required.  To the extent a response is required, Shire denies the remaining allegations in paragraph 28.

29.     Shire admits that the Court has jurisdiction over Shire and states that the remaining allegations in paragraph 29 set forth legal conclusions for which no response is required.  To the extent a response is required, Shire denies the remaining allegations in paragraph 29.  To the extent the allegations in paragraph 29 relate to Actavis, Shire lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

30.     To the extent the allegations in paragraph 30 relate to Shire, Shire admits that it transacts business in this District, admits that venue is proper in this District, and denies the remaining allegations.  To the extent the allegations in paragraph 30 relate to Actavis, Shire lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

## IV.     FACTUAL ALLEGATIONS

### A.     Intuniv Was a Significant Source of Shire Revenue

31.     Shire admits the allegations in paragraph 31.

32.     Shire admits that Intuniv's active ingredient is guanfacine hydrochloride.  Shire lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 32 and therefore denies them.

33.     Shire admits the allegations in paragraph 33.

34.     Shire admits that it sells branded ADHD medications, and denies the remaining allegations in paragraph 34.

### B.     Hatch-Waxman Background

35.     Shire admits the allegations in paragraph 35.

36.     Shire admits that the Hatch-Waxman Act established certain procedures relating to generic drugs, denies any characterization of those procedures, and denies the remaining allegations in paragraph 36.

37.     To extent the allegations in paragraph 37 are legal conclusions, no response is required.  To the extent a response is required, Shire states that the federal statutory and regulatory provisions described or alluded to in paragraph 37 speak for themselves, denies any characterization of those provisions, and denies the remaining allegations in paragraph 37.

38.     To the extent the allegations in paragraph 38 are legal conclusions, no response is required.  To the extent a response is required, further states that the federal statutory and regulatory provisions described or alluded to in paragraph 38 speak for themselves, denies any characterization of those provisions, and denies the remaining allegations in paragraph 38.

39.     To the extent the allegations in paragraph 39 are legal conclusions, no response is required.  To the extent a response is required, Shire states that the federal statutory and regulatory provisions described or alluded to in paragraph 39 speak for themselves, denies any characterization of those provisions, and denies the remaining allegations in paragraph 39.

40.     To the extent the allegations in paragraph 40 are legal conclusions, no response is required.  To the extent a response is required, Shire states that the federal statutory and regulatory provisions described or alluded to in paragraph 40 speak for themselves, denies any characterization of those provisions, and denies the remaining allegations in paragraph 40.

41.     To the extent the allegations in paragraph 41 are legal conclusions, no response is required.  To the extent a response is required, Shire states that the federal statutory and regulatory provisions described or alluded to in paragraph 41 speak for themselves, denies any characterization of those provisions, and denies the remaining allegations in paragraph 41.

42.     To the extent the allegations in paragraph 42 are legal conclusions, no response is required.  To the extent a response is required, Shire states that the federal statutory and regulatory provisions described or alluded to in paragraph 42 speak for themselves, denies any characterization of those provisions, and denies the remaining allegations in paragraph 42.

43.     To the extent the allegations in paragraph 43 are legal conclusions, no response is required.  To the extent a response is required, Shire states that the federal statutory and regulatory provisions described or alluded to in paragraph 43 speak for themselves, denies any characterization of those provisions, and denies the remaining allegations in paragraph 43.

     **C.**     **Intuniv's Hatch-Waxman Exclusivity and Patent Portfolio**

44.     Shire admits that FDA approved Intuniv on September 2, 2009, and Intuniv received three years of regulatory exclusivity which expired on September 2, 2012.  Shire denies the remaining allegations in paragraph 44.

45.     Shire admits that it held rights under three patents that covered Intuniv and that were listed in the Orange Book: U.S. Patent Nos.  5,854,290 (the '290 patent), 6,287,599 (the '599 patent), and 6,811,794 (the '794 patent), the terms of which speak for themselves.  Shire further states that '290 patent was originally scheduled to expire on September 21, 2015, but Shire's licensor dedicated it to the public on March 22, 2011.  Shire also admits that '290 patent was a method-of-use patent.  Shire denies any characterization of those patents, and denies the remaining allegations in paragraph 45.

46.     Shire denies the allegations in paragraph 46.

47.     Shire denies the allegations in paragraph 47.

48.     Shire denies the allegations in paragraph 48.

49.     Shire admits that it manufactures and sells Adderall XR, for the treatment of "ADHD", and that Adderall XR is an extended-release product.  Shire denies the remaining allegations in paragraph 49.

50.     Shire admits that it held rights under three patents that cover Intuniv and that were listed in the Orange Book: U.S. Patent Nos. 5,854,290 (the '290 patent), 6,287,599 (the '599 patent), and 6,811,794 (the '794 patent), the terms of which speak for themselves.  Shire denies any characterization of those patents and denies the remaining allegations in paragraph 50.

51.     Shire denies the allegations in paragraph 51.

**D.     Generic Challenge to Intuniv**

52.     Shire admits that FDA approved Shire's NDA to sell Intuniv on September 2, 2009.  Shire lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 52 and therefore denies them.

53.     Shire admits that Actavis filed an ANDA with FDA to manufacture and sell a generic version of Intuniv in December 2009.  To the extent the remaining allegations in paragraph 53 are legal conclusions, no response is required.  To the extent a response is required, Shire states that the federal statutory and regulatory provisions described or alluded to in paragraph 53 speak for themselves, denies any characterization of those provisions, and denies the remaining allegations in paragraph 53.

54.     Shire admits that Actavis was the first ANDA filed for generic Intuniv.  To the extent the remaining allegations in paragraph 54 are legal conclusions, no response is required. To the extent a response is required, Shire states that the federal statutory and regulatory provisions described or alluded to in paragraph 54 speak for themselves, denies any characterization of those provisions, and denies the remaining allegations in paragraph 54.

55.     To the extent the allegations in paragraph 55 are legal conclusions, no response is required.  To the extent a response is required, Shire states that the federal statutory and regulatory provisions described or alluded to in paragraph 55 speak for themselves, denies any characterization of those provisions, and denies the remaining allegations in paragraph 55.

56.     Shire admits the allegations of the first sentence in paragraph 56 that concern Anchen.  Shire lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 56 and therefore denies them.

57.     Shire admits the allegations in the first sentence in paragraph 57.  Shire denies the remaining allegations in paragraph 57.

58.     Shire admits the allegations in the second and third sentences in paragraph 58.  To the extent the remaining allegations in paragraph 58 are legal conclusions, no response is required.  To the extent a response is required, Shire states that the federal statutory and regulatory provisions described or alluded to in paragraph 58 speak for themselves, denies any characterization of those provisions, and denies the remaining allegations in paragraph 58.

59.     Shire admits the allegations of the first three sentences in paragraph 59, except that it denies (i) any knowledge of an "earlier collaboration with Twi," (ii) Impax served Shire with a notice letter in November 2010; and (iii) Anchen served a Paragraph IV letter in October 2010.  To the extent the remaining allegations in paragraph 59 are legal conclusions, no response is required.  To the extent a response is required, Shire states that the federal statutory and regulatory provisions described or alluded to in paragraph 59 speak for themselves, denies any characterization of those provisions, and denies the remaining allegations in paragraph 59.

**E.      Shire's Objectively Baseless Assertion of the '290 Method-of-Use Patent**

60.      Shire admits the allegations in paragraph 60, except insofar as they allege that Shire asserted the '290 Patent against all generic ANDA filers which Shire denies.

61.      Shire admits that the '290 Patent is a "method-of-use" patent claiming, among other things, a method of treating ADHD using guanfacine.  Shire lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 61 and therefore denies them.

62.      Shire denies the allegations in paragraph 62 except for those in the last sentence. As to those allegations, Shire admits that it moved for reconsideration of part of the claim construction order and that the court denied the motion.

63.      Shire denies the allegations in paragraph 63.

64.      Shire admits that it sought dismissal of its '290 Patent claims without a judgment against the patent, and denies the remaining allegations in paragraph 64.

65.      Shire denies the allegations in paragraph 65.

66.      Shire denies the allegations in paragraph 66.

67.      Shire denies the allegations in paragraph 67.

**F.      Shire's Weak Litigation Position Regarding the '599 and '794 Extended Release Formulation Patents**

68.      Shire admits that the '599 and '794 Patents contain formulation claims covering Intuniv's extended release formulation, and denies the remaining allegations in paragraph 68.

69.      Shire admits the district court in the 10cv329 litigation entered a claim construction (a/k/a *Markman*) order construing the claim terms of the '599 and '794 Patents and the court denied Shire's motion for reconsideration of part of the claim construction order.  Shire

also admits the district court in the 10cv5467 litigation entered a claim construction (a/k/a *Markman*) order construing the claim terms of the '599 and '794 Patents and the court denied Shire's motion for reconsideration of the Markman order.  Shire denies the remaining allegations in paragraph 69.

70.     Shire admits that the quotes in paragraph 70 appear in the cited material, denies any characterization of these quotes, and further admits that TWi/Anchen moved for summary judgement on the day that the district court denied Shire's motion for reconsideration of part of the claim construction order.  Shire denies the remaining allegations in paragraph 70.

71.     Shire admits the quote in paragraph 71 appears in the cited material, denies any characterization of the quote, and denies the remaining allegations in paragraph 71.

**G.     Shire Makes Anchen Shire's Authorized Generic at an Unreasonably Low Non-Arm's Length Royalty**

72.     Shire admits that Shire reached a settlement with TWi/Anchen on September 4, 2012 (the terms of which are confidential), denies any characterization of the settlement, and denies the remaining allegations in paragraph 72.

73.     Shire denies the allegations in paragraph 73.

74.     Shire admits that the district court entered the parties' proposed consent judgement on September 12, 2012, and denies the remaining allegations in paragraph 74.

75.     Shire denies the allegations in paragraph 75.

76.     Shire denies the allegations in paragraph 76.

77.     Shire admits that its press release dated September 6, 2012 states: "[t]he settlement provides TWi with a license to make, and Anchen a license to market, TWi's generic versions of INTUNIV in the United States on July 1, 2016, or earlier in certain limited

circumstances.  Such sales will require the payment of a royalty to Shire, except in certain circumstances.  Also as part of the settlement, under certain circumstances Shire may authorize Anchen to sell authorized generic versions of INTUNIV supplied by Shire, on which Shire will receive a significant royalty."  Shire denies any characterization of the press release and denies the remaining allegations in paragraph 77.

78.     Shire admits that it reached a settlement with TWi/Anchen (the terms of which are confidential), denies any characterization of that settlement, and denies the remaining allegations in paragraph 78.

79.     Shire denies the allegations in paragraph 79.

80.     Shire admits the quote in paragraph 80 comes from the cited source, denies any characterization of that quote, and denies the remaining allegations in paragraph 80.

81.     Shire admits the quote in paragraph 81 comes from the cited source, denies any characterization of that quote, and denies the remaining allegations in paragraph 81.

82.     Shire admits the quote in paragraph 82 comes from the cited source, denies any characterization of that quote, and denies the remaining allegations in paragraph 82.

83.     Shire denies the allegations in paragraph 83.

84.     Shire denies the allegations in paragraph 84.

85.     Shire admits that its press release dated September 6, 2012 states: "[t]he settlement provides TWi with a license to make, and Anchen a license to market, TWi's generic versions of INTUNIV in the United States on July 1, 2016, or earlier in certain limited circumstances.  Such sales will require the payment of a royalty to Shire, except in certain circumstances.  Also as part of the settlement, under certain circumstances Shire may authorize Anchen to sell authorized generic versions of INTUNIV supplied by Shire, on which Shire will

receive a significant royalty." Shire denies any characterization of the press release and denies the remaining allegations in paragraph 85.

86.     Shire denies the allegations in paragraph 86.

**H.     Shire and Actavis Enter an Anticompetitive Settlement, Which Delayed Generic Intuniv By Nearly Two Years**

87.     Shire admits the district court held a trial, admits that it settled its patent infringement lawsuit against TWi/Anchen, denies any characterization of that settlement, and denies the remaining allegations in paragraph 87.

88.     Shire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 and therefore denies them.

89.     Shire denies the allegations in paragraph 89.

90.     Shire admits that FDA approved the Actavis ANDA on October 5, 2012, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 90 and therefore denies them.

91.     Shire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91and therefore denies them.

92.     Shire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 and therefore denies them.

93.     Shire admits that on April 25, 2013, before the district court had issued its decision on the '599 and '794 Patents, Shire and Actavis reached a settlement (the terms of which are confidential) and denies the remaining allegations in paragraph 93.

94.     Shire denies the allegations in paragraph 94.

95.     Shire denies the allegations in paragraph 95.

96.     Shire admits that its press release dated April 25, 2013 states "[t]he settlement provides Actavis with a license to make and market Actavis' generic versions of INTUNIV in the United States on December 1, 2014, or earlier in certain limited circumstances.  Such sales will require the payment of a royalty of 25% of gross profits to Shire during the 180 day period of Actavis' exclusivity."  Shire denies any characterization of the press release and denies the remaining allegations in paragraph 96.

97.     Shire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97 and therefore denies them.

98.     Shire denies the allegations in paragraph 98.

99.     Shire admits brand pharmaceutical companies sometimes launch generic versions of their branded drugs, denies any characterization of the circumstances surrounding a brand manufacturer's decision or process for such a launch, and that its market share of Intuniv was reduced after generic entry.  Shire denies the remaining allegations in paragraph 99.

100.    Shire denies the allegations in paragraph 100.

101.    Shire denies the allegations in paragraph 101.

102.    Shire denies the allegations in paragraph 102.

103.    Shire denies the allegations in paragraph 103.

104.    Shire denies the allegations in paragraph 104.

105.    Shire lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence in paragraph 105 and therefore denies them.  Shire denies the remaining allegations in paragraph 105.

106.    Shire denies the allegations in paragraph 106.

107.    Shire denies the allegations in paragraph 107.

## I.       Effect on Interstate Commerce, Market Power, and Competition

108.     Shire admits that it has manufactured Intuniv, sold Intuniv to purchasers in various states, and shipped Intuniv across state lines.  Because the term "relevant times" is not defined or explained, and because Shire cannot speak on behalf of Actavis, Shire lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 108 and therefore denies the remaining allegations.

109.     Shire admits that it has manufactured Intuniv, sold Intuniv to purchasers in various states, and shipped Intuniv across state lines.  Because the term "relevant times" is not defined or explained, and because Shire cannot speak on behalf of Actavis, Shire lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 109 and therefore denies the remaining allegations.

110.     Shire denies the allegations in paragraph 110.

111.     Shire denies the allegations in paragraph 111.

112.     The allegations in paragraph 112 set forth legal conclusions for which no response is required.  To the extent a response is required, Shire denies the allegations in paragraph 112.

113.     The first sentence in paragraph 113 sets forth legal conclusions for which no response is required.  To extent a response is required, Shire denies the allegations in the first sentence in paragraph 113.  Shire denies the remaining allegations in paragraph 113.

114.     Shire denies the allegations in paragraph 114.

115.     Because the term "relevant times" is not defined or explained, and because Shire cannot speak on behalf of Actavis, Shire lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence in paragraph 115 and therefore denies them.  Shire denies the remaining allegations in paragraph 115.

116.    Shire denies the allegations in paragraph 116.

**J.    Factual Allegations as to Named Plaintiffs**

    **1.    Plaintiff Tina Picone**

117.    Shire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117 and therefore denies them.

118.    Shire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118 and therefore denies them.

119.    Shire denies the allegations in paragraph 119.

120.    Shire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120 and therefore denies them.

    **2.    Plaintiff Carmen Richard**

121.    Shire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121 and therefore denies them.

122.    Shire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122 and therefore denies them.

123.    Shire denies the allegations in paragraph 123.

124.    Shire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124 and therefore denies them.

    **3.    Plaintiff Sherry Cummisford**

125.    Shire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125 and therefore denies them.

126.    Shire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126 and therefore denies them.

127.    Shire denies the allegations in paragraph 127.

128.    Shire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128 and therefore denies them.

### 4.    Plaintiff Shana Wright

129.    Shire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129 and therefore denies them.

130.    Shire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130 and therefore denies them.

131.    Shire denies the allegations in paragraph 131.

132.    Shire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132 and therefore denies them.

### K.    Fraudulent Concealment and Tolling

133.    Shire denies the allegations in paragraph 133.

134.    Shire denies the allegations in paragraph 134.

135.    Shire denies the allegations in paragraph 135.

136.    Shire denies the allegations in paragraph 136.

137.    Shire admits the terms of its settlements are confidential, denies any characterization of those agreements, and denies the remaining allegations in paragraph 137.

138.    Shire denies the allegations in paragraph 138.

139.    Shire denies the allegations in paragraph 139.

140.    Shire denies the allegations in paragraph 140.

## V.      CLASS ALLEGATIONS

### A.      Class Definition

141.     The allegations in paragraph 141 set forth legal conclusions for which no response is required.  To the extent a response is required, Shire denies the allegations in paragraph 141.

142.     The allegations in paragraph 142 set forth legal conclusions for which no response is required.  To the extent a response is required, Shire denies the allegations in paragraph 142.

143.     The allegations in paragraph 143 set forth legal conclusions for which no response is required.  To the extent a response is required, Shire denies the allegations in paragraph 143.

### B.      Fed. R. Civ. P. 23(a) Factors

144.     The allegations in paragraph 144 set forth legal conclusions for which no response is required.  To the extent a response is required, Shire denies the allegations in paragraph 144.

145.     The allegations in paragraph 145 set forth legal conclusions for which no response is required.  To the extent a response is required, Shire denies the allegations in paragraph 145.

146.     The allegations in paragraph 146 set forth legal conclusions for which no response is required.  To the extent a response is required, Shire denies the allegations in paragraph 146.

147.     The allegations in paragraph 147 set forth legal conclusions for which no response is required.  To the extent a response is required, Shire denies the allegations in paragraph 147.

### C.      Fed. R. Civ. P. 23(b) (2) Factors

148.     Shire denies the allegations in paragraph 148.

149.     Shire denies the allegations in paragraph 149.

### D.      Fed. R. Civ. P. 23(b)(3) Factors

150.     The allegations in paragraph 150 set forth legal conclusions for which no response is required.  To the extent a response is required, Shire denies the allegations in paragraph 150.

151.    The allegations in paragraph 151 set forth legal conclusions for which no response is required.  To the extent a response is required, Shire denies the allegations in paragraph 151.

152.    The allegations in paragraph 152 set forth legal conclusions for which no response is required.  To the extent a response is required, Shire denies the allegations in paragraph 152.

153.    The allegations in paragraph 153 set forth legal conclusions for which no response is required.  To the extent a response is required, Shire denies the allegations in paragraph 153.

154.    The allegations in paragraph 154 set forth legal conclusions for which no response is required.  To the extent a response is required, Shire denies the allegations in paragraph 154.

## VI.    CAUSES OF ACTION

### Nationwide Class Claims (Causes of Action 1-5)

155.    Paragraph 155 does not contain an allegation, so no response is required.  To the extent a response is required, Shire denies the allegations in Paragraph 155.

**1.     First Cause of Action:  Unreasonable Restraint of Trade Under Massachusetts State Law (premised on Section 1 of the Sherman Act) (against all Defendants)**

156.    Shire incorporates its responses to the preceding paragraphs of the Complaint as though fully set forth herein.

157.    Shire denies the allegations in paragraph 157.

158.    Shire denies the allegations in paragraph 158.

159.    Shire denies the allegations in paragraph 159.

160.    Shire denies the allegations in paragraph 160.

161.    Shire denies the allegations in paragraph 161.

162.    Shire denies the allegations in paragraph 162.

163.    Shire denies the allegations in paragraph 163.

164.    Shire denies the allegations in paragraph 164.

165.    Shire denies the allegations in paragraph 165.

166.    The allegations in paragraph 166 set forth legal conclusions for which no response is required.  To the extent a response is required, Shire denies the allegations in paragraph 166.

167.    The allegations in paragraph 167 set forth legal conclusions for which no response is required.  To the extent a response is required, Shire denies the allegations in paragraph 167.

168.    Shire admits a plaintiff sent it a written demand for relief on or about July 21, 2016, states that the demand did not comply with the requirements of c.93A, and states that it sent an appropriate reply.  Shire denies the remaining allegations in Paragraph 168.

169.    Shire denies the allegations in paragraph 169.

170.    Shire denies the allegations in paragraph 170.

171.    Shire denies the allegations in paragraph 171.

172.    Shire denies the allegations in paragraph 172.

173.    Shire denies the allegations in paragraph 173.

**2.      Second Cause of Action:  Unlawful Monopoly Under Massachusetts Law (premised on Section 2 of the Sherman Act) (against Shire)**

174.    Shire incorporates its responses to the preceding paragraphs of the Complaint as though fully set forth herein.

175.    Shire denies the allegations in paragraph 175.

176.    Shire denies the allegations in paragraph 176.

177.    Shire denies the allegations in paragraph 177.

178.    Shire denies the allegations in paragraph 178.

179.    Shire denies the allegations in paragraph 179.

180.    Shire denies the allegations in paragraph 180.

181.     Shire denies the allegations in paragraph 181.

182.     Shire denies the allegations in paragraph 182.

183.     The allegations in paragraph 183 set forth legal conclusions for which no response is required.  To the extent a response is required, Shire denies the allegations in paragraph 183.

184.     The allegations in paragraph 184 set forth legal conclusions for which no response is required.  To the extent a response is required, Shire denies the allegations in paragraph 184.

185.     Shire admits a plaintiff sent it a written demand for relief on or about July 21, 2016, admits that the demand did not comply with the requirements of c.93A, and admits that it sent an appropriate reply.  Shire denies the remaining allegations in Paragraph 185.

186.     Shire denies the allegations in paragraph 186.

187.     Shire denies the allegations in paragraph 187.

188.     Shire denies the allegations in paragraph 188.

189.     Shire denies the allegations in paragraph 189.

**3.      Third Cause of Action:  Unlawful Attempted Monopolization Under Massachusetts Law (premised on Section 2 of the Sherman Act) (against Shire)**

190.     Shire incorporates its responses to the preceding paragraphs of the Complaint as though fully set forth herein.

191.     Shire denies the allegations in paragraph 191.

192.     Shire denies the allegations in paragraph 192.

193.     Shire denies the allegations in paragraph 193.

194.     Shire denies the allegations in paragraph 194.

195.     Shire denies the allegations in paragraph 195.

196.     Shire denies the allegations in paragraph 196.

197.    Shire denies the allegations in paragraph 197.

198.    Shire denies the allegations in paragraph 198.

199.    The allegations in paragraph 199 set forth legal conclusions for which no response is required.  To the extent a response is required, Shire denies the allegations in paragraph 199.

200.    The allegations in paragraph 200 set forth legal conclusions for which no response is required.  To the extent a response is required, Shire denies the allegations in paragraph 200.

201.    Shire admits a plaintiff sent it a written demand for relief on or about July 21, 2016, admits that the demand did not comply with the requirements of c.93A, and admits that it sent an appropriate reply.  Shire denies the remaining allegations in Paragraph 201.

202.    Shire denies the allegations in paragraph 202.

203.    Shire denies the allegations in paragraph 203.

204.    Shire denies the allegations in paragraph 204.

**4.      Fourth Cause of Action:  Unlawful Conspiracy to Monopolize Under Massachusetts Law (premised on Section 2 of the Sherman Act) (against all Defendants)**

205.    Shire incorporates its responses to the preceding paragraphs of the Complaint as though fully set forth herein.

206.    Shire denies the allegations in paragraph 206.

207.    Shire denies the allegations in paragraph 207.

208.    Shire denies the allegations in paragraph 208.

209.    Shire denies the allegations in paragraph 209.

210.    Shire denies the allegations in paragraph 210.

211.    Shire denies the allegations in paragraph 211.

212.    Shire denies the allegations in paragraph 212.

213.     The allegations in paragraph 213 set forth legal conclusions for which no response is required.  To the extent a response is required, Shire denies the allegations in paragraph 213.

214.     The allegations in paragraph 214 set forth legal conclusions for which no response is required.  To the extent a response is required, Shire denies the allegations in paragraph 214.

215.     Shire admits a plaintiff sent it a written demand for relief on or about July 21, 2016, admits that the demand did not comply with the requirements of c.93A, and admits that it sent an appropriate reply.  Shire denies the remaining allegations in paragraph 215.

216.     Shire denies the allegations in paragraph 216.

217.     Shire denies the allegations in paragraph 217.

218.     Shire denies the allegations in paragraph 218.

219.     Shire denies the allegations in paragraph 219.

**5.     Fifth Cause of Action:  Violation of Massachusetts Consumer Protection and Antitrust Law (not premised on violations of Sherman Act) (against all Defendants)**

220.     Shire incorporates its responses to the preceding paragraphs of the Complaint as though fully set forth herein.

221.     Shire denies the allegations in paragraph 221.

222.     The allegations in paragraph 222 set forth legal conclusions for which no response is required.  To the extent a response is required, Shire denies the allegations in paragraph 222.

223.     The allegations in paragraph 223 set forth legal conclusions for which no response is required.  To the extent a response is required, Shire denies the allegations in paragraph 223.

224.     Shire admits a plaintiff sent it a written demand for relief on or about July 21, 2016, admits that the demand did not comply with the requirements of c.93A, and admits that it sent an appropriate reply.  Shire denies the remaining allegations in paragraph 224.

225.    Shire denies the allegations in paragraph 225.

226.    Shire denies the allegations in paragraph 226.

227.    Shire denies the allegations in paragraph 227.

228.    Shire denies the allegations in paragraph 228.

**Florida State Law Claims (Causes of Action 6-10)**

229.    Paragraph 229 does not contain an allegation, so no response is required.  To the

extent a response is required, Shire denies the allegations in paragraph 229.

**6.      Sixth Cause of Action:  Unreasonable Restraint of Trade Under
Florida Law (premised on Section 1 of the Sherman Act) (against all
Defendants)**

230.    Shire incorporates its responses to the preceding paragraphs of the Complaint as

though fully set forth herein.

231.    Shire denies the allegations in paragraph 231.

232.    Shire denies the allegations in paragraph 232.

233.    Shire denies the allegations in paragraph 233.

234.    Shire denies the allegations in paragraph 234.

235.    Shire denies the allegations in paragraph 235.

236.    Shire denies the allegations in paragraph 236.

237.    Shire denies the allegations in paragraph 237.

238.    Shire denies the allegations in paragraph 238.

239.    Shire denies the allegations in paragraph 239.

240.    The allegations in paragraph 240 set forth legal conclusions for which no response

is required.  To the extent a response is required, Shire denies the allegations in paragraph 240.

241.   The allegations in paragraph 241 set forth legal conclusions for which no response is required.  To the extent a response is required, Shire denies the allegations in paragraph 241.

242.   Shire denies the allegations in paragraph 242.

243.   Shire denies the allegations in paragraph 243.

244.   Shire denies the allegations in paragraph 244.

245.   Shire denies the allegations in paragraph 245.

246.   Shire denies the allegations in paragraph 246.

**7.     Seventh Cause of Action:  Unlawful Monopoly Under Florida Law (premised on Section 2 of the Sherman Act) (against Shire)**

247.   Shire incorporates its responses to the preceding paragraphs of the Complaint as though fully set forth herein.

248.   Shire denies the allegations in paragraph 248.

249.   Shire denies the allegations in paragraph 249.

250.   Shire denies the allegations in paragraph 250.

251.   Shire denies the allegations in paragraph 251.

252.   Shire denies the allegations in paragraph 252.

253.   Shire denies the allegations in paragraph 253.

254.   Shire denies the allegations in paragraph 254.

255.   Shire denies the allegations in paragraph 255.

256.   The allegations in paragraph 256 set forth legal conclusions for which no response is required.  To the extent a response is required, Shire denies the allegations in paragraph 256.

257.   The allegations in paragraph 257 set forth legal conclusions for which no response is required.  To the extent a response is required, Shire denies the allegations in paragraph 257.

258.   Shire denies the allegations in paragraph 258.

259.     Shire denies the allegations in paragraph 259.

260.     Shire denies the allegations in paragraph 260.

261.     Shire denies the allegations in paragraph 261.

>   **8.     Eighth Cause of Action:  Unlawful Attempted Monopolization Under Florida Law (premised on Section 2 of the Sherman Act) (against Shire)**

262.     Shire incorporates its responses to the preceding paragraphs of the Complaint as though fully set forth herein.

263.     Shire denies the allegations in paragraph 263.

264.     Shire denies the allegations in paragraph 264.

265.     Shire denies the allegations in paragraph 265.

266.     Shire denies the allegations in paragraph 266.

267.     Shire denies the allegations in paragraph 267.

268.     Shire denies the allegations in paragraph 268.

269.     Shire denies the allegations in paragraph 269.

270.     Shire denies the allegations in paragraph 270.

271.     The allegations in paragraph 271 set forth legal conclusions for which no response is required.  To the extent a response is required, Shire denies the allegations in paragraph 271.

272.     The allegations in paragraph 272 set forth legal conclusions for which no response is required.  To the extent a response is required, Shire denies the allegations in paragraph 272.

273.     Shire denies the allegations in paragraph 273.

274.     Shire denies the allegations in paragraph 274.

275.     Shire denies the allegations in paragraph 275.

9.    **Ninth Cause of Action:  Unlawful Conspiracy to Monopolize Under Florida Law (premised on Section 2 of the Sherman Act) (against all Defendants)**

276.    Shire incorporates its responses to the preceding paragraphs of the Complaint as though fully set forth herein.

277.    Shire denies the allegations in paragraph 277.

278.    Shire denies the allegations in paragraph 278.

279.    Shire denies the allegations in paragraph 279.

280.    Shire denies the allegations in paragraph 280.

281.    Shire denies the allegations in paragraph 281.

282.    Shire denies the allegations in paragraph 282.

283.    Shire denies the allegations in paragraph 283.

284.    The allegations in paragraph 284 set forth legal conclusions for which no response is required.  To the extent a response is required, Shire denies the allegations in paragraph 284.

285.    The allegations in paragraph 285 set forth legal conclusions for which no response is required.  To the extent a response is required, Shire denies the allegations in paragraph 285.

286.    Shire denies the allegations in paragraph 286.

287.    Shire denies the allegations in paragraph 287.

288.    Shire denies the allegations in paragraph 288.

289.    Shire denies the allegations in paragraph 289.

10.   **Tenth Cause of Action:  Violation of Florida Consumer Protection and Antitrust Law (not premised on violations of Sherman Act) (against all Defendants)**

290.    Shire incorporates its responses to the preceding paragraphs of the Complaint as though fully set forth herein.

291.    Shire denies the allegations in paragraph 291.

292.    The allegations in paragraph 292 set forth legal conclusions for which no response is required.  To the extent a response is required, Shire denies the allegations in paragraph 292.

293.    The allegations in paragraph 293 set forth legal conclusions for which no response is required.  To the extent a response is required, Shire denies the allegations in paragraph 293.

294.    Shire denies the allegations in paragraph 294.

295.    Shire denies the allegations in paragraph 295.

296.    Shire denies the allegations in paragraph 296.

297.    Shire denies the allegations in paragraph 297.

298.    Shire denies the allegations in paragraph 298.

**Missouri State Law Claims (Causes of Action 11-15)**

299.    Paragraph 299 does not contain an allegation, so no response is required.  To the extent a response is required, Shire denies the allegations in paragraph 299.

**11.    Eleventh Cause of Action:  Unreasonable Restraint of Trade Under Missouri Law (premised on Section 1 of the Sherman Act) (against all Defendants)**

300.    Shire incorporates its responses to the preceding paragraphs of the Complaint as though fully set forth herein.

301.    Shire denies the allegations in paragraph 301.

302.    Shire denies the allegations in paragraph 302.

303.    Shire denies the allegations in paragraph 303.

304.    Shire denies the allegations in paragraph 304.

305.    Shire denies the allegations in paragraph 305.

306.    Shire denies the allegations in paragraph 306.

307.     Shire denies the allegations in paragraph 307.

308.     Shire denies the allegations in paragraph 308.

309.     Shire denies the allegations in paragraph 309.

310.     Shire denies the allegations in paragraph 310.

311.     Shire denies the allegations in paragraph 311.

312.     Shire denies the allegations in paragraph 312.

313.     Shire denies the allegations in paragraph 313.

314.     Shire denies the allegations in paragraph 314.

315.     Shire denies the allegations in paragraph 315.

316.     Shire denies the allegations in paragraph 316.

     **12.**    **Twelfth Cause of Action:  Unlawful Monopoly Under Missouri Law (premised on Section 2 of the Sherman Act) (against Shire)**

317.     Shire incorporates its responses to the preceding paragraphs of the Complaint as though fully set forth herein.

318.     Shire denies the allegations in paragraph 318.

319.     Shire denies the allegations in paragraph 319.

320.     Shire denies the allegations in paragraph 320.

321.     Shire denies the allegations in paragraph 321.

322.     Shire denies the allegations in paragraph 322.

323.     Shire denies the allegations in paragraph 323.

324.     Shire denies the allegations in paragraph 324.

325.     Shire denies the allegations in paragraph 325.

326.     The allegations in paragraph 326 set forth legal conclusions for which no response is required.  To the extent a response is required, Shire denies the allegations in paragraph 326.

327.    The allegations in paragraph 327 set forth legal conclusions for which no response is required.  To the extent a response is required, Shire denies the allegations in paragraph 327.

328.    Shire denies the allegations in paragraph 328.

329.    Shire denies the allegations in paragraph 329.

330.    Shire denies the allegations in paragraph 330.

331.    Shire denies the allegations in paragraph 331.

### 13.    Thirteenth Cause of Action:  Unlawful Attempted Monopolization Under Missouri Law (premised on Section 2 of the Sherman Act) (against Shire)

332.    Shire incorporates its responses to the preceding paragraphs of the Complaint as though fully set forth herein.

333.    Shire denies the allegations in paragraph 333.

334.    Shire denies the allegations in paragraph 334.

335.    Shire denies the allegations in paragraph 335.

336.    Shire denies the allegations in paragraph 336.

337.    Shire denies the allegations in paragraph 337.

338.    Shire denies the allegations in paragraph 338.

339.    Shire denies the allegations in paragraph 339.

340.    Shire denies the allegations in paragraph 340.

341.    The allegations in paragraph 341 set forth legal conclusions for which no response is required.  To the extent a response is required, Shire denies the allegations in paragraph 341.

342.    The allegations in paragraph 342 set forth legal conclusions for which no response is required.  To the extent a response is required, Shire denies the allegations in paragraph 342.

343.    Shire denies the allegations in paragraph 343.

344.   Shire denies the allegations in paragraph 344.

345.   Shire denies the allegations in paragraph 345.

### 14.   Fourteenth Cause of Action:  Unlawful Conspiracy to Monopolize Under Missouri Law (premised on Section 2 of the Sherman Act) (against all Defendants)

346.   Shire incorporates its responses to the preceding paragraphs of the Complaint as though fully set forth herein.

347.   Shire denies the allegations in paragraph 347.

348.   Shire denies the allegations in paragraph 348.

349.   Shire denies the allegations in paragraph 349.

350.   Shire denies the allegations in paragraph 350.

351.   Shire denies the allegations in paragraph 351.

352.   Shire denies the allegations in paragraph 352.

353.   Shire denies the allegations in paragraph 353.

354.   The allegations in paragraph 354 set forth legal conclusions for which no response is required.  To the extent a response is required, Shire denies the allegations in paragraph 354.

355.   The allegations in paragraph 355 set forth legal conclusions for which no response is required.  To the extent a response is required, Shire denies the allegations in paragraph 355.

356.   Shire denies the allegations in paragraph 356.

357.   Shire denies the allegations in paragraph 357.

358.   Shire denies the allegations in paragraph 358.

359.   Shire denies the allegations in paragraph 359.

15.     **Fifteenth Cause of Action:  Violation of Missouri Consumer Protection and Antitrust Law (not premised on violations of Sherman Act) (against all Defendants)**

360.     Shire incorporates its responses to the preceding paragraphs of the Complaint as though fully set forth herein.

361.     Shire denies the allegations in paragraph 361.

362.     The allegations in paragraph 362 set forth legal conclusions for which no response is required.  To the extent a response is required, Shire denies the allegations in paragraph 362.

363.     The allegations in paragraph 363 set forth legal conclusions for which no response is required.  To the extent a response is required, Shire denies the allegations in paragraph 363.

364.     Shire denies the allegations in paragraph 364.

365.     Shire denies the allegations in paragraph 365.

366.     Shire denies the allegations in paragraph 366.

367.     Shire denies the allegations in paragraph 367.

368.     Shire denies the allegations in paragraph 368.

**New York State Law Claims (Causes of Action 16-20)**

369.     Paragraph 369 does not contain an allegation, so no response is required.  To the extent a response is required, Shire denies the allegations in Paragraph 369.

16.     **Sixteenth Cause of Action:  Unreasonable Restraint of Trade Under New York State Law (premised on Section 1 of the Sherman Act) (against all Defendants)**

370.     Shire incorporates its responses to the preceding paragraphs of the Complaint as though fully set forth herein.

371.     Shire denies the allegations in paragraph 371.

372.     Shire denies the allegations in paragraph 372.

373.    Shire denies the allegations in paragraph 373.

374.    Shire denies the allegations in paragraph 374.

375.    Shire denies the allegations in paragraph 375.

376.    Shire denies the allegations in paragraph 376.

377.    Shire denies the allegations in paragraph 377.

378.    Shire denies the allegations in paragraph 378.

379.    Shire denies the allegations in paragraph 379.

380.    The allegations in paragraph 380 set forth legal conclusions for which no response is required.  To the extent a response is required, Shire denies the allegations in paragraph 380.

381.    Shire denies the allegations in paragraph 381.

382.    Shire denies the allegations in paragraph 382.

383.    Shire denies the allegations in paragraph 383.

384.    Shire denies the allegations in paragraph 384.

385.    The allegations in paragraph 385 set forth legal conclusions for which no response is required.  To the extent a response is required, Shire denies the allegations in paragraph 385.

386.    Shire denies the allegations in paragraph 386.

**17.    Seventeenth Cause of Action:  Unlawful Monopoly Under New York Law (premised on Section 2 of the Sherman Act) (against Shire)**

387.    Shire incorporates its responses to the preceding paragraphs of the Complaint as though fully set forth herein.

388.    Shire denies the allegations in paragraph 388.

389.    Shire denies the allegations in paragraph 389.

390.    Shire denies the allegations in paragraph 390.

391.    Shire denies the allegations in paragraph 391.

392.    Shire denies the allegations in paragraph 392.

393.    Shire denies the allegations in paragraph 393.

394.    Shire denies the allegations in paragraph 394.

395.    Shire denies the allegations in paragraph 395.

396.    The allegations in paragraph 396 set forth legal conclusions for which no response

is required.  To the extent a response is required, Shire denies the allegations in paragraph 396.

397.    Shire denies the allegations in paragraph 397.

398.    Shire denies the allegations in paragraph 398.

399.    Shire denies the allegations in paragraph 399.

400.    Shire denies the allegations in paragraph 400.

401.    Shire denies the allegations in paragraph 401.

**18.    Eighteenth Cause of Action:  Unlawful Attempted Monopolization Under New York Law (premised on Section 2 of the Sherman Act) (against Shire)**

402.    Shire incorporates its responses to the preceding paragraphs of the Complaint as

though fully set forth herein.

403.    Shire denies the allegations in paragraph 403.

404.    Shire denies the allegations in paragraph 404.

405.    Shire denies the allegations in paragraph 405.

406.    Shire denies the allegations in paragraph 406.

407.    Shire denies the allegations in paragraph 407.

408.    Shire denies the allegations in paragraph 408.

409.    Shire denies the allegations in paragraph 409.

410.    Shire denies the allegations in paragraph 410.

411.   The allegations in paragraph 411 set forth legal conclusions for which no response is required.  To the extent a response is required, Shire denies the allegations in paragraph 411.

412.   Shire denies the allegations in paragraph 412.

413.   Shire denies the allegations in paragraph 413.

414.   Shire denies the allegations in paragraph 414.

415.   Shire denies the allegations in paragraph 415.

### 19.   Nineteenth Cause of Action:  Unlawful Conspiracy to Monopolize Under New York Law (premised on Section 2 of the Sherman Act) (against all Defendants)

416.   Shire incorporates its responses to the preceding paragraphs of the Complaint as though fully set forth herein.

417.   Shire denies the allegations in paragraph 417.

418.   Shire denies the allegations in paragraph 418.

419.   Shire denies the allegations in paragraph 419.

420.   Shire denies the allegations in paragraph 420.

421.   Shire denies the allegations in paragraph 421.

422.   Shire denies the allegations in paragraph 422.

423.   Shire denies the allegations in paragraph 423.

424.   The allegations in paragraph 424 set forth legal conclusions for which no response is required.  To the extent a response is required, Shire denies the allegations in paragraph 424.

425.   Shire denies the allegations in paragraph 425.

426.   Shire denies the allegations in paragraph 426.

427.   Shire denies the allegations in paragraph 427.

428.   Shire denies the allegations in paragraph 428.

429.     Shire denies the allegations in paragraph 429.

> **20.     Twentieth Cause of Action:  Violation of New York Consumer Protection and Antitrust Law (not premised on violations of Sherman Act) (against all Defendants)**

430.     Shire incorporates its responses to the preceding paragraphs of the Complaint as though fully set forth herein.

431.     Shire denies the allegations in paragraph 431.

432.     The allegations in paragraph 432 set forth legal conclusions for which no response is required.  To the extent a response is required, Shire denies the allegations in paragraph 432.

433.     Shire denies the allegations in paragraph 433.

434.     Shire denies the allegations in paragraph 434.

435.     Shire denies the allegations in paragraph 435.

436.     Shire denies the allegations in paragraph 436.

437.     Shire denies the allegations in paragraph 437.

438.     Shire denies the allegations in paragraph 438.

**Wisconsin State Law Claims (Causes Of Action 21-25)**

439.     Paragraph 439 does not contain an allegation, so no response is required.  To the extent a response is required, Shire denies the allegations in paragraph 439.

> **21.     Twenty-First Cause of Action:  Unreasonable Restraint of Trade Under Wisconsin Law (premised on Section 1 of the Sherman Act) (against all Defendants)**

440.     Shire incorporates its responses to the preceding paragraphs of the Complaint as though fully set forth herein.

441.     Shire denies the allegations in paragraph 441.

442.     Shire denies the allegations in paragraph 442.

443.    Shire denies the allegations in paragraph 443.

444.    Shire denies the allegations in paragraph 444.

445.    Shire denies the allegations in paragraph 445.

446.    Shire denies the allegations in paragraph 446.

447.    Shire denies the allegations in paragraph 447.

448.    Shire denies the allegations in paragraph 448.

449.    Shire denies the allegations in paragraph 449.

450.    The allegations in paragraph 450 set forth legal conclusions for which no response is required.  To the extent a response is required, Shire denies the allegations in paragraph 450.

451.    The allegations in paragraph 451 set forth legal conclusions for which no response is required.  To the extent a response is required, Shire denies the allegations in paragraph 451.

452.    Shire denies the allegations in paragraph 452.

453.    Shire denies the allegations in paragraph 453.

454.    Shire denies the allegations in paragraph 454.

455.    Shire denies the allegations in paragraph 455.

456.    Shire denies the allegations in paragraph 456.

     **22.**     **Twenty-Second Cause of Action:  Unlawful Monopoly Under Wisconsin Law (premised on Section 2 of the Sherman Act) (against Shire)**

457.    Shire incorporates its responses to the preceding paragraphs of the Complaint as though fully set forth herein.

458.    Shire denies the allegations in paragraph 458.

459.    Shire denies the allegations in paragraph 459.

460.    Shire denies the allegations in paragraph 460.

461.    Shire denies the allegations in paragraph 461.

462.    Shire denies the allegations in paragraph 462.

463.    Shire denies the allegations in paragraph 463.

464.    Shire denies the allegations in paragraph 464.

465.    Shire denies the allegations in paragraph 465.

466.    The allegations in paragraph 466 set forth legal conclusions for which no response

is required.  To the extent a response is required, Shire denies the allegations in paragraph 466.

467.    The allegations in paragraph 467 set forth legal conclusions for which no response

is required.  To the extent a response is required, Shire denies the allegations in paragraph 467.

468.    Shire denies the allegations in paragraph 468.

469.    Shire denies the allegations in paragraph 469.

470.    Shire denies the allegations in paragraph 470.

471.    Shire denies the allegations in paragraph 471.

       **23.    Twenty-Third Cause of Action:  Unlawful Attempted Monopolization Under Wisconsin Law (premised on Section 2 of the Sherman Act) (against Shire)**

472.    Shire incorporates its responses to the preceding paragraphs of the Complaint as

though fully set forth herein.

473.    Shire denies the allegations in paragraph 473.

474.    Shire denies the allegations in paragraph 474.

475.    Shire denies the allegations in paragraph 475.

476.    Shire denies the allegations in paragraph 476.

477.    Shire denies the allegations in paragraph 477.

478.    Shire denies the allegations in paragraph 478.

479.    Shire denies the allegations in paragraph 479.

480.    Shire denies the allegations in paragraph 480.

481.    The allegations in paragraph 481 set forth legal conclusions for which no response is required.  To the extent a response is required, Shire denies the allegations in paragraph 481.

482.    The allegations in paragraph 482 set forth legal conclusions for which no response is required.  To the extent a response is required, Shire denies the allegations in paragraph 482.

483.    Shire denies the allegations in paragraph 483.

484.    Shire denies the allegations in paragraph 484.

485.    Shire denies the allegations in paragraph 485.

### 24.    Twenty-Fourth Cause of Action:  Unlawful Conspiracy to Monopolize Under Wisconsin Law (premised on Section 2 of the Sherman Act) (against all Defendants)

486.    Shire incorporates its responses to the preceding paragraphs of the Complaint as though fully set forth herein.

487.    Shire denies the allegations in paragraph 487.

488.    Shire denies the allegations in paragraph 488.

489.    Shire denies the allegations in paragraph 489

490.    Shire denies the allegations in paragraph 490.

491.    Shire denies the allegations in paragraph 491.

492.    Shire denies the allegations in paragraph 492

493.    Shire denies the allegations in paragraph 493.

494.    The allegations in paragraph 494 set forth legal conclusions for which no response is required.  To the extent a response is required, Shire denies the allegations in paragraph 494.

495.    The allegations in paragraph 495 set forth legal conclusions for which no response is required.  To the extent a response is required, Shire denies the allegations in paragraph 495.

496.    Shire denies the allegations in paragraph 496.

497.    Shire denies the allegations in paragraph 497.

498.    Shire denies the allegations in paragraph 498.

499.    Shire denies the allegations in paragraph 499.

### 25.    Twenty-Fifth Cause of Action:  Violation of Wisconsin Consumer Protection and Antitrust Law (not premised on violations of Sherman Act) (against all Defendants)

500.    Shire incorporates its responses to the preceding paragraphs of the Complaint as though fully set forth herein.

501.    Shire denies the allegations in paragraph 501.

502.    The allegations in paragraph 502 set forth legal conclusions for which no response is required.  To the extent a response is required, Shire denies the allegations in paragraph 502.

503.    The allegations in paragraph 503 set forth legal conclusions for which no response is required.  To the extent a response is required, Shire denies the allegations in paragraph 503.

504.    Shire denies the allegations in paragraph 504.

505.    Shire denies the allegations in paragraph 505.

506.    Shire denies the allegations in paragraph 506.

507.    Shire denies the allegations in paragraph 507.

508.    Shire denies the allegations in paragraph 508.

### AFFIRMATIVE DEFENSES

Without assuming any burden of proof that it would not otherwise bear, Shire asserts the following separate and additional defenses, all of which are pleaded in the alternative, and none

of which constitute an admission that Shire is in any way liable to Plaintiffs, that Plaintiffs have been or will be injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever.  As a defense to the Complaint and each and every allegation contained therein, Shire alleges:

1.  Plaintiffs fail to state a claim upon which relief can be granted.

2.  Plaintiffs' claims are barred by validly entered consent judgments.

3.  Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel and/or laches.

4.  Plaintiffs' claims are barred in whole or in part by the doctrine of waiver.

5.  Plaintiffs' claims fail in whole or in part because Shire's conduct is protected by the Noerr-Pennington doctrine and the First Amendment to the United States Constitution.

6.  Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations.

7.  Plaintiffs lack standing to assert a claim against Shire.

8.  To the extent Plaintiffs have any remedy at all, they have an adequate remedy at law and no factual or legal basis for the grant of equitable relief.

9.  Plaintiffs' causes of action are barred, in whole or in part, because the alleged conduct that is the subject of the Complaint did not lessen competition in any relevant market or markets.

10.  The purported relevant market alleged in the complaint is not a relevant antitrust market, and Plaintiffs cannot carry their burden of defining a proper relevant market.

11.  Shire does not have market power or monopoly power in any properly defined relevant market, and Plaintiffs therefore cannot state a claim sounding in antitrust.

12.     Any conduct engaged in by Shire was not anticompetitive and cannot support a claim sounding in antitrust.

13.     Plaintiffs' claims are barred, in whole or in part, because Shire did not engage in any illegal activity.

14.     The only agreements between Defendants were lawful business arrangements, and cannot support a claim that Defendants engaged in an unlawful conspiracy.

15.     Any actions undertaken by Shire were reasonable and therefore do not violate any of the statutes at issue.

16.     Shire has not engaged in any conduct, combination, or conspiracy in restraint of trade.

17.     Shire's actions were designed to promote legitimate business interests and have caused no injury to competition, the public, or Plaintiffs.

18.     To the extent there is a finding of an illegal overcharge, Plaintiffs' claims are barred, in whole or in part, to the extent that such overcharge was absorbed, in whole or in part, by others, and was not absorbed by the Plaintiffs.

19.     Plaintiffs' claims are barred, in whole or in part, by the pass-on defense.  To the extent there is a finding of an illegal overcharge, Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs passed on the effect of such an overcharge to a third party.

20.     Plaintiffs' claims conflict with and Shire's conduct was law under the Hatch-Waxman Act and the Patent Act.

21.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered an injury-in-fact or antitrust injury traceable to allegedly unlawful conduct of Shire.

22.     Plaintiffs have not suffered any actual injury or damage as a result of any conduct alleged as a basis of this lawsuit.

23.     Any damages that Plaintiffs allege to have suffered are too remote, speculative, and/or uncertain to allow for a recovery.  Such damages are not capable of ascertainment and allocation.

24.     Plaintiffs have failed to mitigate their damages, if any, and recovery should be reduced or denied accordingly.

25.     Any injuries Plaintiffs claim to have suffered were not proximately or materially caused by Shire's alleged conduct.

26.     The imposition of punitive damages (including statutory minimums) in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United State Constitution and the Excessive Fines Clause of the United States Constitution.

27.     The imposition of punitive damages (including statutory minimums) in this case in the absence of a showing of malicious intent to cause harm to the Plaintiffs would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

28.     As a matter of constitutional right and substantive due process, Shire is entitled to contest by jury trial its liability for damages to any particular individual plaintiff, even if the representatives of the putative class prevail on their claims.

29.     This action is not a proper class action.

30.     Shire incorporates by reference any defenses applicable to it that are asserted by any other defendant to the Complaint as if fully set forth herein.

31.     Shire reserves the right to assert other defenses as this action proceeds.

## PRAYER FOR RELIEF

WHEREFORE, Shire respectfully requests that this Honorable Court:

1.      Order that Plaintiffs and the members of the purported class take nothing by the

Complaint;

2.      Dismiss the Complaint with prejudice;

3.      Award Shire its costs of suit and its attorneys' fees; and

4.      Grant such other and further relief as the Court may deem just and proper.


Respectfully submitted,

*/s/ Joshua S. Barlow*

Joshua Barlow, Esq., BBO #667472
Fred A. Kelly, Jr. Esq., BBO #544046
**HAUG PARTNERS LLP**
One Post Office Square
Boston, MA 02109
P: 617-426-6800
jbarlow@haugpartners.com
fkelly@haugpartners.com

Michael F. Brockmeyer (*pro hac vice*)
David S. Shotlander (*pro hac vice*)
Amanda J. Hamilton (*pro hac vice*)
**HAUG PARTNERS LLP**
1667 K Street, NW
Washington, DC 20006
Tel: (202) 292-1530
Fax: (202) 292-1531
mbrockmeyer@haugpartners.com
dshotlander@haugpartners.com
ahamilton@haugpartners.com

*Attorneys for Shire LLC and Shire US Inc.*

**CERTIFICATE OF SERVICE**

I, Joshua S. Barlow, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 31st day of October, 2017.

/s/ *Joshua S. Barlow*
Joshua S. Barlow