UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  | * |  |
|---|---|---|
|  | * |  |
|  | * |  |
| In re INTUNIV ANTITRUST LITIGATION | * | Civil Action No. 1:16-cv-12396-ADB |
| (Indirect Purchasers) | * |  |
|  | * |  |
|  | * |  |
|  | * |  |

**MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION FOR RECONSIDERATION**

BURROUGHS, D.J.

Indirect Purchaser Plaintiffs ("IPPs") seek reconsideration of the Court's August 21, 2019, Order [ECF No. 230] that denied their motion for class certification. [ECF No. 235]. The IPPs now request that the Court certify a class of persons who bought brand Intuniv or generic Guanfacine ER with cash or co-insurance. For the reasons discussed herein, the motion for reconsideration [ECF No. 235] is DENIED.

I.      BACKGROUND

A more complete version of the facts is provided in the Court's August 21, 2019, Order. See In re Intuniv Antitrust Litig., No. 16-cv-12396, 2019 WL 3947262, at *1–2 (D. Mass. Aug. 21 2019); [ECF No. 230]. The IPPs moved for certification of two classes of consumers who they claim were overcharged for Intuniv because of an allegedly anticompetitive settlement agreement between Shire and Actavis ("Defendants"). [ECF No. 146]. Those proposed classes included:

> **The Nationwide Consumer Class:** For the period beginning November 15, 2012, to the present: (A) all persons who purchased brand or generic Intuniv in the United States for personal or household use, and who paid the purchase price themselves; and (B) all persons covered by commercial health insurance who purchased brand Intuniv in the United States for personal or household use, and who paid some of the purchase price pursuant to a co-payment or co-insurance provision.

> **Illinois Brick Repealer Class:** For the period beginning November 15, 2012, to the present, all persons in Arizona, California, Florida, Iowa, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Dakota, Tennessee, Vermont, West Virginia, Wisconsin, and the District of Columbia: (A) who paid the purchase price themselves for brand or generic Intuniv in the United States for personal or household use; and (B) all persons covered by commercial health insurance who purchased brand Intuniv in the United States for personal or household use, and who paid some of the purchase price pursuant to a co-payment or co-insurance provision.

[Id. at 1–2].  The Court determined that the IPPs had not provided a workable plan to exclude a large number of uninjured class members, including roughly 25,000 brand loyalists, several thousand coupon-using class members, and a de minimis number of potential class members who purchased Intuniv only after reaching their out-of-pocket maximums.  [ECF No. 230 at 16–17].  The Court therefore refused to certify either of the two proposed classes.  [Id. at 18].

The IPPs moved for reconsideration on September 4, 2019, arguing that the Court should have certified one subclass of potential plaintiffs consisting of consumers "who bought brand Intuniv or generic Guanfacine ER with cash or co-insurance."  [ECF No. 235 at 2].  Defendants responded on September 18, 2019.  [ECF Nos. 241, 242].  On September 26, 2019, the IPPs requested leave to file a reply brief, [ECF No. 260], which Defendants opposed, [ECF No. 266].  The Court granted the motion, [ECF No. 267], and the IPPs filed their reply on October 21, 2019, [ECF No. 268].

On September 6, 2019, the IPPs filed a petition for an interlocutory appeal with the First Circuit.  Picone, et al. v. Shire U.S. Inc., et al., No. 19-8023, 2019 WL 3947262 (1st Cir. 2019).  Defendants responded on September 16, 2019, and the IPPs replied on September 24, 2019.  Id.

## II.    DISCUSSION

### A.    Jurisdiction

Under the Federal Rules of Civil Procedure, "the proper method for challenging an adverse class certification decision prior to judgment is to seek interlocutory review . . . ." Donovan v. Phillip Morris USA, Inc., No. 06-cv-12234, 2012 WL 957633, at *5 (D. Mass. Mar. 21, 2012).  Under Rule 23, "[a] court of appeals may permit an appeal from an order granting or denying class-action certification . . . [if a] party . . . file[s] a petition for permission to appeal with the circuit clerk within 14 days after the order is entered . . . ."  Fed. R. Civ. P. 23(f).  While seeking reconsideration from this Court, the IPPs filed a petition seeking interlocutory review with the First Circuit on September 6, 2019, which this Court has now reviewed.  See Petition for Permission to Appeal, Picone, No. 19-8023 (1st Cir. Sept. 6, 2019).

"An interlocutory appeal ordinarily suspends the power of the district court to modify the order subject to appeal, but does not oust district-court jurisdiction to continue with proceedings that do not threaten either the appeal's orderly disposition or its raison d'etre."  16A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 3949.1 (5th ed. 2019).  "[A]n appeal from either a final order or an interlocutory order made immediately appealable by statute divests a district court of authority to proceed with respect to any matter touching upon, or involved in, the appeal . . . ."  United States v. Mala, 7 F.3d 1058, 1060–61 (1st Cir. 1993).

The IPPs' petition for interlocutory appeal asks, in part, that the First Circuit remand to this Court to consider whether the class definition should be narrowed to exclude consumers with co-pays.  See Petition for Permission to Appeal at 17–21, Picone, No. 19-8023 (1st Cir. Sept. 6, 2019).  In other words, the petition requests the exact same relief sought in the IPPs' motion for reconsideration.  See [ECF No. 235 at 3, 5–7].  In order to avoid the "danger [that] a district

court and a court of appeals w[ill] be simultaneously analyzing the same judgment," <u>Griggs v. Provident Consumers Disc. Co.</u>, 459 U.S. 56, 59 (1982), the Court is left with two options. The Court may either stay the proceeding pending the interlocutory appeal or deny the motion for reconsideration, so that the First Circuit and this Court are not considering the issue simultaneously. Because the Court finds that the motion for reconsideration lacks merit, it elects to deny the motion and provide a clean jurisdictional record to the court of appeals.

**B.    Legal Standard**

A district court has "inherent power" to reconsider an interlocutory order, such as a denial of class certification. <u>ACC Bldg. 1, LLC v. Tex. Instruments, Inc.</u>, No. 16-40011, 2019 WL 3891029, at *3 (D Mass. Aug. 19, 2019). Because a denial of class certification is an "order from which an appeal lies" under Rule 23(f), motions for reconsideration of class certification orders are considered under Rule 59(e) of the Federal Rules of Civil Procedure. <u>Marie v. Allied Home Mortg. Corp.</u>, 402 F.3d 1, 7 (1st Cir. 2005) (quoting Fed. R. Civ. P. 54(a)); <u>see, e.g.,</u> <u>O'Donnell v. Robert Half Int'l, Inc.</u>, 534 F. Supp. 2d 173, 178 (D. Mass. 2008) (applying Rule 59(e) when evaluating a motion to reconsider a denial conditional certification of a class). Granting a motion for reconsideration is "an extraordinary remedy which should only be used sparingly." <u>Palmer v. Champion Mortg.</u>, 465 F.3d 24, 30 (1st Cir. 2006) (quoting 11 Charles Alan Wright et al., <u>Federal Practice and Procedure</u> § 2810.1 (2d ed. 1995)). "A motion for reconsideration should be granted only if the court has patently misunderstood a party or there is a significant change in the law or facts since the submission of the issues to the court by the parties." <u>O'Donnell</u>, 534 F. Supp. 2d at 178.

**C.     Analysis**

The IPPs allege that the Court misunderstood their proposed class.  They claim that they previously proposed three groups of consumers for class certification: (1) consumers who purchased brand Intuniv with a co-pay; (2) consumers who purchased brand Intuniv with co-insurance; and (3) consumers who purchased brand or generic Intuniv with cash.  [ECF No. 235 at 3].  They argue that if the Court was concerned about including unharmed plaintiffs, it should only have refused to certify the first group and narrowed the class, instead of denying class certification.  [Id.].

The Court declines to modify its denial of class certification.  First, the Court did not misunderstand the parties, as the IPPs have not previously proposed a class of consumers who purchased brand Intuniv with co-insurance or cash.  Second, the IPPs have failed to demonstrate that the named plaintiffs would be adequate representatives of the newly proposed class.  Finally, the narrower class would still include the uninjured class members that concerned the Court when it denied the motion for class certification.

1.     Plaintiffs Have Not Previously Proposed This Class

The IPPs had not previously proposed this class for the Court's consideration.  Motions for reconsideration "may not be used to argue a new legal theory."  Fed. Deposit Ins. Corp. v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992).  They provide a rare avenue for a party to request that a court reconsider an argument, not an opportunity to "raise arguments which could, and should, have been made" before the decision at issue.  Harley-Davidson Motor Co., Inc. v. Bank of New England-Old Colony, N.A., 897 F.2d 611, 616 (1st Cir. 1990) (quoting FDIC v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986)); see AFG Surety Grp., Inc. v. St. Paul Travelers Cos., Inc., No. 06-cv-1622, 2009 WL 10719988, at * 2 (D.P.R. Feb. 17, 2009) (quoting Pacific

<u>Ins. Co. v. Am. Nat'l Fire Ins. Co.</u>, 148 F.3d 396, 403 (4th Cir. 1998) ("[P]arties should not use [motions for reconsideration] to 'raise arguments which could, and should, have been made before judgment issued.'").

The IPPs cite a number of instances in which they claim that they proposed three distinct classes in their earlier briefing.  [<u>Id.</u> at 4 nn.1–3].  In their memorandum in support of class certification, however, the IPPs only referenced class members with co-insurance and co-pays, making no distinction between potential classes.  <u>See, e.g.</u>, [ECF No. 148 at 7, 19, 24].  In their reply in support of class certification, the IPPs noted that cash-payers would recover more for their alleged damages because they could recover for both brand and generic Intuniv payments, but did not propose this as a separate class.  [ECF No. 178 at 12 n.5].

The IPPs therefore never proposed the potential class before the Court and have provided no caselaw to support the notion that district courts must *sua sponte* create a workable class after plaintiffs have failed to carry their burden.  The IPPs have therefore failed to demonstrate that the Court made an error that would warrant reconsideration.

        2.     <u>Plaintiffs Have Not Demonstrated That They Would Be Adequate Representatives</u>

Even if the IPPs had clearly raised this new class of cash and co-insurance consumers in their class certification motion, the Court would have declined to certify the class because the IPPs failed to demonstrate that the named plaintiffs would be among the members of the class now proposed.

Rule 23's four requirements "effectively limit the class claims to those fairly encompassed by the named plaintiff's claims."  <u>Wal-Mart Stores, Inc. v. Dukes</u>, 564 U.S. 338, 348–49 (2011) (quoting <u>Gen. Tel. Co. of Sw. v. Falcon</u>, 457 U.S. 147, 156 (1982)).  "Rule 23 does not set forth a mere pleading standard.  A party seeking class certification must

affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." Wal-Mart Stores, Inc., 564 U.S. at 350.

"[A] class representative must be part of the class and possess the same interest and suffer the same injury as the class members." Id. at 348–49 (citations and internal quotation marks omitted). Therefore, the named plaintiffs' claims must be "typical of the class," Lazo v. Sodexo, No. 15-cv-13366, 2017 WL 5147098, at *3 (D. Mass. Nov. 6, 2017) (quoting Fed. R. Civ. P. 23(a)(3)), and the plaintiffs must have "suffered the same injury" as the purported class, Wal-Mart Stores, Inc., 564 U.S. at 349–50.

The IPPs failed to demonstrate that the named plaintiffs were actually cash-payers or co-insurance users who purchased Intuniv. Defendants argue that none of the named plaintiffs would be members of the newly proposed class, as each named plaintiff had previously testified that he or she purchased brand or generic Intuniv by paying a co-pay while insured. [ECF No. 241 at 10–11]. The IPPs respond with a list of previous purchases of Intuniv that suggest that one named plaintiff purchased Intuniv with co-insurance in a few instances. [ECF Nos. 268 at 6–8; 268-3; 268-4]. They also attach a benefits booklet for that same named plaintiff, which indicates that she may have had to pay thirty-percent co-insurance at participating pharmacies, rather than the co-pay she testified to paying. [ECF No. 268-5].

A motion for reconsideration "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997). If the IPPs anticipated arguing that the named plaintiffs were a part of this newly proposed class, they should have presented this

evidence to the Court before the Court's decision denying class certification.  See In re Mut. Life Ins. Co. of N. Y. Premium Litig., 299 F. Supp. 2d 4, 7 (D. Mass. 2004).  Without a demonstration that the named plaintiffs actually belong to the IPPs' newly proposed class, the Court is unable to "ensure[] that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate."  Wal-Mart Stores, Inc., 564 U.S. at 349.

    3.  The Narrower Class Would Still Potentially Include Uninjured Members

   Finally, the IPPs' newly proposed class would not address the Court's concerns with the number of uninjured plaintiffs that would be potentially included.  The IPPs describe the Court's August 21, 2019, Order as "only . . . declin[ing] to certify the proposed class . . . because it was troubled with the potential number of uninjured brand loyalists."  [ECF No. 235 at 7].  This misrepresents the Order.

   Though the Court found that the class as originally proposed would include uninjured "brand loyal" plaintiffs who paid with a co-pay, it also estimated the total number of class members who were uninjured "due to reasons other than brand loyalty . . . [to] number in the thousands."  [ECF No. 230 at 8 n.5].  This would include, but not be limited to, coupon users and those consumers who reached their out-of-pocket maximums.  [Id. at 16–17].

   The Court previously determined that "[i]dentifying uninjured consumers with any degree of confidence would require an assessment of individual-specific facts such as the consumer's insurance plan, any peculiar views about the equivalence of brand and generic Intuniv, their consumption habits when faced with similar choices between brand and generic drugs, their use of coupons, the timing of their purchases of Intuniv, and potentially other factors."  [ECF No. 230 at 17].  The IPPs' briefing only argues that those consumers who paid out-of-pocket or with co-insurance would have been injured regardless of brand loyalty.  This

does not go far enough.  They still fail to provide a means by which these uninjured class members could be weeded out.

## III.        CONCLUSION

The IPPs previously failed to request that the Court consider a class of consumers who purchased Intuniv out-of-pocket or with co-insurance.  On reconsideration, the IPPs have failed to demonstrate that named plaintiffs would be included in this potential class and that the class would not include a large number of uninjured consumers.  Accordingly, the IPPs' motion for reconsideration [ECF No. 235] is <u>DENIED</u>.

**SO ORDERED.**

November 6, 2019                                                          /s/ Allison D. Burroughs
                                                                                  ALLISON D. BURROUGHS
                                                                                  U.S. DISTRICT JUDGE