UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re INTUNIV ANTITRUST LITIGATION<br><br>This Document Relates To: *All Actions* | 16-cv-12396-ADB (Indirect)<br>16-cv-12653-ADB (Direct) |

**DEFENDANTS' MOTIONS *IN LIMINE***

**NO. 23 TO PRECLUDE ARGUMENT OR EVIDENCE BASED UPON DEFENDANTS' INVOCATION OF ATTORNEY-CLIENT PRIVILEGE**

**AND**

**NO. 24 TO PRECLUDE ASSERTION OF A PRIVILEGE WAIVER BASED UPON DEFENDANTS' STATEMENTS TO ONE ANOTHER AND THE PUBLIC**

Defendants Shire LLC and Shire US, Inc. ("Shire") and Actavis Elizabeth LLC, Actavis LLC, and Actavis Holdco U.S., Inc. ("Actavis") (collectively "Defendants") jointly move this Court to preclude Plaintiffs from: (i) introducing argument or evidence at trial that seeks to use Defendants' invocations of the attorney-client privilege to draw negative inferences in front of the jury; and (ii) arguing that Defendants waived the attorney-client privilege by Defendants or their counsel making generalized statements to each other or the public about, *inter alia*, the underlying merits of their claims or defenses in the patent litigation between them or the legal implications of proposals leading to, and terms of, the settlement of their patent litigation.

Plaintiffs have intimated a trial strategy to elicit adverse inferences against Defendants based merely on the fact and timing of certain privileged communications between Shire personnel and their outside counsel. Plaintiffs' arguments necessarily rely upon negative inferences drawn from the mere fact that attorney-client communications occurred and that Defendants have protected the substance of those privileged communications from disclosure. Defendants' privilege log entries, however, stand unchallenged. Such negative inferences, if permitted, would mislead the jury and undermine the protections of the attorney-client privilege.

In addition, Plaintiffs may advance arguments that Defendants' conduct constituted a subject matter waiver of the attorney-client privilege merely by commenting on the existence of the underlying ANDA litigation between Defendants, noting their respective beliefs that they had a "strong case," and discussing the propriety of Actavis's proposal that Shire agree not to launch an AG during Actavis's first 180 days of marketing generic Intuniv. The law is clear that such commentary is not made with an expectation of confidentiality and is, therefore, not privileged to begin with. The disclosure of these non-privileged statements thus cannot possibly result in the waiver of privilege as to communications that are protected. Moreover, even if the statements

did arise from otherwise confidential attorney advice, characterizations of an attorney's general, overall conclusions are not the proper basis for a waiver.

WHEREFORE, Defendants respectfully request that this Honorable Court:

1. Enter an Order precluding Plaintiffs from:

    a. introducing argument or evidence that seeks to use the occurrence of privileged communications or Defendants' invocations of attorney-client privilege to suggest negative inferences to the jury;

    b. introducing into evidence or referring to the content of Defendants' privilege logs;

    c. questioning witnesses or arguing in a manner intended to elicit an invocation of the attorney-client privilege or work product doctrine in the presence of the jury;

    d. otherwise calling attention to the occurrence of privileged communications or Defendants' prior invocations of the attorney-client privilege or work product doctrine; or

    e. invoking subject matter wavier of the attorney-client privilege related to Defendants' disclosures to one another or the public about their general view of their respective claims and defenses in the underlying patent litigation in order to elicit testimony about confidential attorney-client communications; and

2. Grant such additional or alternative relief as is deemed appropriate.

Dated: April 10, 2020

Respectfully submitted,

/s/ Joshua S. Barlow
Fred A. Kelly, Jr., BBO #544046
Joshua S. Barlow, BBO #667472
HAUG PARTNERS LLP
1 Post Office Square
Boston, MA 02109
Tel: (617) 426-6800
fkelly@haugpartners.com
jbarlow@haugpartners.com

Michael F. Brockmeyer, (*pro hac vice*)
David S. Shotlander, (*pro hac vice*)
HAUG PARTNERS LLP
1667 K Street, NW
Washington, DC 20006
Tel: (202) 292-1530
Fax: (202) 292-1531
mbrockmeyer@haugpartners.com
dshotlander@haugpartners.com

*Attorneys for Shire LLC
and Shire US, Inc.*

/s/ Christopher T. Holding
Christopher T. Holding (BBO# 600627)
Sarah K. Frederick (BBO# 679885)
Srikanth Reddy (BBO# 669264)
Alicia Rubio-Spring (BBO# 692640)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, Massachusetts 02210
T: 617 570-1000
F: 617 523-1231
CHolding@goodwinlaw.com
SFrederick@goodwinlaw.com
SReddy@goodwinlaw.com
ARubio-Spring@goodwinlaw.com

Aviv Zalcenstein (*pro hac vice*)
GOODWIN PROCTER LLP
620 Eighth Avenue
New York, NY 10018
T: 212 813-8800
F: 212 355-3333
AZalcenstein@goodwinlaw.com

*Counsel for Actavis Elizabeth LLC, Actavis LLC,
and Actavis Holdco U.S., Inc.*

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Defendants believe that oral argument may assist the Court in deciding this Motion and, therefore, request that the Court hear oral argument.

## LOCAL RULE 7.1(A)(2) CERTIFICATION

      I, Joshua S. Barlow, hereby certify that counsel for the parties have agreed to meet and confer following their April 10 submissions but before their motions are fully briefed for the Court.

/s/ *Joshua S. Barlow*

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on April 10, 2020.

/s/ *Joshua S. Barlow*