# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re INTUNIV ANTITRUST LITIGATION<br><br>This Document Relates to *Indirect Purchaser Actions* | )<br>)<br>)<br>)   Lead Case No. 1:16-cv-12396-ADB<br>)<br>)<br>)<br>) |

## DEFENDANTS' JOINT OPPOSITION TO INDIRECT PURCHASER PLAINTIFFS' MOTION TO TEMPORARILY STAY PRETRIAL AND TRIAL DEADLINES

Defendants Shire LLC, Shire US, Inc., Actavis Elizabeth LLC, Actavis LLC, and Actavis Holdco U.S., Inc. (collectively, "Defendants") oppose the Indirect Purchaser Plaintiffs' ("IPPs") Motion to Temporarily Stay Pretrial and Trial Deadlines (ECF No. 296). IPPs have not provided sufficient grounds for delaying trial of their claims, much less anything that justifies the significant prejudice to Defendants that would result from delaying IPPs' case *only*. Since the inception of this case, IPPs have pursued their suit in tandem with the Direct Purchaser Plaintiffs ("DPPs"), including by joining DPPs' summary judgment motions and oppositions, and engaging joint experts. The prejudice to Defendants from putting these two closely related actions on different tracks at the last minute would be acute; trying IPPs' claims separately would entail litigating many of the *exact* same issues, with largely the same roster of witnesses, *twice*. IPPs' cursory motion provides no reason to place these added burdens and grossly inefficient duplication on the Court or on the Defendants. The Court should accordingly deny IPPs' motion. To the extent the Court determines that any change to the current schedule is warranted, those changes should apply to both the DPP and IPP cases, so their schedules remain in sync.

**ARGUMENT**

**I.      Legal Standard.**

"A stay is an intrusion into the ordinary processes of administration and judicial review" and is "not a matter of right." *Nken v. Holder*, 556 U.S. 418, 427 (2009) (quotation marks omitted). Filing a petition for interlocutory appeal under Federal Rule of Civil Procedure 23(f) does not stay proceedings in the district court. Indeed, even if the appeal is *allowed* under Rule 23(f), it "does not stay proceedings in the district court unless the district judge or the court of appeals so orders." Fed. R. Civ. P. 23(f).

**II.     IPPs Make No Showing To Justify Imposition Of A Stay.**

IPPs' conclusory assertions that a pending motion for interlocutory review of the Court's class-certification decision, along with IPPs' renewed motion for a liability-only class and pending summary judgment motions, merit delaying trial for them alone (while the DPP action goes forward), are completely unfounded. The mere fact that IPPs filed a Rule 23(f) petition seeking permission to pursue an interlocutory appeal of the Court's class-certification decision certainly provides no basis to derail the trial schedule in this case, especially in the one-sided manner sought by IPPs. IPPs identify no decisions that have granted a stay in that posture, which is unsurprising. Courts have cautioned that "parties should not view Rule 23(f) as a vehicle to delay proceedings in the district court." *In re Sumitomo Copper Litig.*, 262 F.3d 134, 140 (2d Cir. 2001). Yet IPPs attempt to rely on the mere fact that they have a pending Rule 23(f) petition in the First Circuit to delay their trial date. That is plainly inadequate.

Indeed, even when the court of appeals *grants* a Rule 23(f) petition (which the First Circuit has not done), the party seeking the stay must show cause meriting its imposition, a showing IPPs have not made here. *See Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1713 n.9 (2017) ("Rule 23(f) avoids delay not only by limiting class-certification appeals to those

permitted by the federal courts of appeals, but also by specifying that an appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders.") (quotation marks and alteration omitted).  Several courts have required the moving party seeking to stay litigation pending a Rule 23(f) appeal to satisfy the traditional four-factor test for a stay— *i.e.*, likelihood of success on the merits, irreparable harm, a balance of the equities, and public interest.  *See Nken*, 556 U.S. at 433-36 (identifying traditional four-factor test); *see also Alvarez v. NBTY, Inc.*, 2020 WL 804403, at *1 (S.D. Cal. Feb. 18, 2020) (applying four-factor test to motion for stay pending 23(f) appeal); *In re Petrobas Sec. Litig.*, 193 F. Supp. 3d 313, 315-16 (S.D.N.Y. 2016) (same); *cf. In re Sumitomo Copper Litig.*, 262 F.3d at 140 ("[A] stay will not issue unless the likelihood of error on the part of the district court tips the balance of hardships in favor of the party seeking the stay.").  Under that standard—or any other conceivable standard— IPPs have not shown they are entitled to the stay they seek, because they have not made any effort to satisfy their "burden of showing that the circumstances justify an exercise of [the Court's] discretion."  *Nken*, 556 U.S. at 434; *see also, e.g.*, *United States v. Chardon-Sierra*, 2019 WL 7945953, at *1 (1st Cir. Aug. 28, 2019) (affirming denial of a stay of trial pending review of interlocutory appeal).  Instead, IPPs' cursory motion cites only one inapposite case, where the district court granted a stay in order to resolve a summary-judgment motion that had been filed so early in the case that discovery had not taken place.  *See Good v. Altria Grp., Inc.*, 231 F.R.D. 446 (D. Me. 2005).

The additional circumstances to which IPPs allude certainly do not justify a stay of the IPP case.  IPPs reference (Mot. 2) their renewed effort to certify a liability-only class—relief that IPPs previously sought and this Court denied.  *See* ECF No. 295.  IPPs' belated request for this Court to reconsider its class-certification decision (again) is not a proper basis to delay the trial

of IPPs' case.  As to IPPs' assertion that a stay is warranted because their summary judgment motions remain pending, their argument does not fit the relief they seek.  As discussed below, it would be impractical and inefficient to divert the DPP and IPP cases onto separate tracks.  Moreover, if accepted, IPPs' argument would support staying the entire case, as all summary judgment motions filed by all parties remain pending.

### III. IPPs' Proposed Course Of Action Creates Needless Inefficiencies And Prejudices Defendants.

 IPPs assert that proceeding with the long-scheduled trial "will result in inefficient use of the parties' and the Court's resources, and may result in the need for additional duplicative proceedings."  Mot. 1.  But in time-consuming and complex litigation such as this, IPPs' unsubstantiated assertion that staying their case alone (and not the litigation as a whole) promotes efficiency "is blatantly incorrect; on the contrary, considerations of judicial economy weigh heavily against granting [such] a stay."  *In re Petrobas Sec. Litig.*, 193 F. Supp. 3d at 318.  In short, IPPs' requested stay would *guarantee* needless inefficiencies (and needlessly inconvenience the Court in the process).

 Trying IPPs' case together with DPPs' creates economies of scale that inure to the benefit of all parties, and the Court.  IPPs largely share the same fact and expert witnesses that DPPs intend to present (with the only exception being damages experts).  Decoupling IPPs' and DPPs' merits cases at trial only ensures duplication of the parties' and the Court's efforts.

 Throughout this litigation, IPPs have coordinated closely with DPPs, and Plaintiffs have thoroughly intertwined their two cases in advance of the joint trial.  IPPs have filed joint case-management documents.  *E.g.*, ECF No. 181.  IPPs filed a joint opposition to Defendants' motion to exclude the Plaintiffs' *joint* patent experts.  ECF No. 195.  Indeed, of the twelve Plaintiffs-side experts, ten are joint experts for both IPPs and DPPs, and intend to opine at trial

4

on myriad overlapping issues, from market definition and market power to patent issues to pharmaceutical-industry business practices, among others. Finally, IPPs have explicitly and repeatedly stated that Plaintiffs' summary judgment and *Daubert* briefing is "filed on behalf of all Plaintiffs in both cases" and have joined DPPs' briefs on these critical topics. ECF No. 237; *see also* ECF Nos. 274, 292.

The IPP-only stay that IPPs propose would thus force Defendants and the Court to re-try the many overlapping issues common to the two cases. Moreover, if Defendants were to succeed in defeating DPPs' claims at trial, Defendants expect that IPPs would argue that they deserve a second bite at the apple. Thus, Defendants could be put in the unfair position of having to twice defeat the same claims.

On the other side, IPPs' asserted efficiency benefits to a stay are completely illusory. IPPs' concerns about speculative modifications to class certification (if the First Circuit even grants their petition) are just that—speculative. *See, e.g.*, *Strougo v. Barclays PLC*, 194 F. Supp. 3d 230, 235 (S.D.N.Y. 2016) (denying motion to stay pending a Rule 23(f) petition in part because "there is no guarantee that the appeal will result in a reversal [of the class-certification order], weakening [the] argument that judicial efficiency would favor a stay"). And even if IPPs were ultimately able to prevail in their effort to overturn this Court's class-certification decision, the impact on trial would be minimal. IPPs must prove the same claims regardless of whether they are part of a class or pursuing their claims as individuals. The only difference between the currently scheduled trial and any hypothetical future IPP trial is that the current trial will not involve consideration of whether many thousands of IPP class members also suffered antitrust impact. And, as this Court correctly recognized already, this question cannot be resolved practically in a class-wide proceeding in any event:

> Identifying uninjured consumers with any degree of confidence would require an assessment of individual-specific facts such as the consumer's insurance plan, any peculiar views about the equivalence of brand and generic Intuniv, their consumption habits when faced with similar choices between brand and generic drugs, their use of coupons, the timing of their purchases of Intuniv, and potentially other factors.

*In re Intuniv Antitrust Litig.*, 2019 WL 3947262, at *8 (D. Mass. Aug. 21, 2019).

As a result, IPPs' bare assertion (Mot. 2) that resolution of their pending Rule 23(f) petition "materially impacts the scope of trial preparation" has no support.  As demonstrated by IPPs' joinder of DPPs' summary-judgment briefing, many of the issues that exist in the DPP action must be resolved at trial by IPPs, whether they proceed on behalf of individual indirect purchasers or as representatives of a class.

### IV.  The Court Should Ensure That The DPP And IPP Cases Remain On The Same Schedule.

Although there is no basis to stay IPPs' case while allowing DPPs' case to proceed, Defendants acknowledge that the continued pendency of the summary judgment motions, the COVID-19 crisis, and other factors may impact the Court's docket, including Defendants' pending motion to decertify the DPP class in light of the bankruptcy of the only class representative.[1]  If the Court determines in its discretion that a stay or a change in the trial schedule is necessary or appropriate, Defendants respectfully submit that any such scheduling action should apply equally to both the DPP and IPP cases in order to keep the two cases on a single track.  For all the reasons discussed above, keeping DPPs' case and IPPs' case together would promote judicial efficiency and prevent undue prejudice to Defendants.

### CONCLUSION

For all of these reasons, this Court should deny IPPs' Motion to Temporarily Stay Pretrial and Trial Deadlines and should not take any action what would result in placing the DPP and IPP

---

[1] *See* Defs.' Mot. to Decertify the Class of DPPs, *In re Intuniv Antitrust Litig.*, No. 16-cv-12653, ECF No. 404.

cases on different schedules.

Dated: April 13, 2020                                        Respectfully submitted,

/s/ Joshua S. Barlow                                         /s/ Christopher T. Holding
Fred A. Kelly, Jr., BBO #544046                              Christopher T. Holding (BBO# 00627)
Joshua S. Barlow, BBO #667472                                Sarah K. Frederick (BBO# 679885)
HAUG PARTNERS LLP                                            Srikanth Reddy (BBO# 669264)
1 Post Office Square                                         Alicia Rubio-Spring (BBO# 692640)
Boston, MA 02109                                             GOODWIN PROCTER LLP
Tel: (617) 426-6800                                          100 Northern Avenue
fkelly@haugpartners.com                                      Boston, MA 02210
jbarlow@haugpartners.com                                     T: 617 570-1000
                                                             F: 617 523-1231
Michael F. Brockmeyer, (*pro hac vice*)                      CHolding@goodwinlaw.com
David S. Shotlander, (*pro hac vice*)                        SFrederick@goodwinlaw.com
HAUG PARTNERS LLP                                            SReddy@goodwinlaw.com
1667 K Street, NW                                            ARubio-Spring@goodwinlaw.com
Washington, DC 20006
Tel: (202) 292-1530                                          Aviv Zalcenstein (*pro hac vice*)
Fax: (202) 292-1531                                          GOODWIN PROCTER LLP
mbrockmeyer@haugpartners.com                                 620 Eighth Avenue
dshotlander@haugpartners.com                                 New York, NY 10018
                                                             T: 212 813-8800
*Attorneys for Shire LLC*                                    F: 212 355-3333
*and Shire US, Inc.*                                         AZalcenstein@goodwinlaw.com

                                                             *Counsel for Actavis Elizabeth LLC, Actavis LLC,*
                                                             *and Actavis Holdco U.S., Inc.*

## CERTIFICATE OF SERVICE

I, Christopher T. Holding, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on April 13, 2020.

                                            /s/ *Christopher T. Holding*
                                               Christopher T. Holding