UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TINA PICONE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>SHIRE, LLC, SHIRE U.S., INC., ACTAVIS HOLDCO US, INC., and ACTAVIS ELIZABETH LLC,<br><br>    Defendants. | Civil Action No. 1:16-cv-12396-ADB |

## **MEMORANDUM AND ORDER**

BURROUGHS, D.J.

    The Indirect Purchaser Plaintiffs ("IPPs") are parents and caretakers who purchased Intuniv (the brand name for extended release guanfacine hydrochloride) or generic Intuniv for a child's or ward's medical needs. The IPPs allege that the Defendants settled patent litigation over Intuniv on anticompetitive terms which resulted in them paying more for the drugs than they should have. See generally [ECF No. 39]. On August 21, 2019, the Court entered a memorandum and order denying the IPPs' request to certify the putative class. [ECF No. 230].

    Presently before the Court is the IPPs' motion to stay further proceedings pending the resolution of their petition for an interlocutory appeal of the Court's denial of class certification. [ECF No. 296]. Because the IPPs have failed to demonstrate that they are likely to succeed on appeal, even assuming that the First Circuit grants the petition, or will suffer irreparable harm in the absence of a stay, the motion, [ECF No. 296], is DENIED.

## I. BACKGROUND

The IPPs originally filed this action on November 23, 2016, claiming that they were overcharged for Intuniv because of an allegedly anticompetitive settlement agreement between Defendants Shire and Actavis (collectively, the "Defendants"). [ECF No. 1]. After this case was consolidated with two related actions, the IPPs filed an amended complaint on March 10, 2017. [ECF Nos. 32, 39]. On November 1, 2018, the IPPs filed a motion to certify two classes of indirect purchasers. [ECF No. 146]. The Court denied the motion on August 21, 2019, [ECF No. 230], and the IPPs moved for reconsideration, [ECF No. 235]. The Court declined to reconsider its order, in part because the IPPs had already filed a petition for an interlocutory appeal and the question of class certification might therefore be before the First Circuit. [ECF No. 276].

The IPPs filed their petition for permission to appeal with the First Circuit under Federal Rule of Civil Procedure 23(f) on September 6, 2019. The Court of Appeals has not yet ruled on the petition. See generally Picone, et al. v. Shire, No. 19-8023 (1st Cir. 2019). The IPPs' case is scheduled for a jury trial along with the Direct Purchaser Plaintiffs ("DPPs") beginning on July 13, 2020, although this date will likely have to be continued in light of the challenges to seating a jury posed by Covid-19. See FWK Holdings LLC v. Shire PLC, et al., No. 16-cv-12653, [ECF No. 292] (D. Mass. July 26, 2019); Picone v. Shire U.S. Inc., et al., 16-v-12396, [ECF No. 233] (D. Mass. July 26, 2019).

## II. LEGAL STANDARD

An appeal under Rule 23(f) of the Federal Rules of Civil Procedure "does not stay proceedings in the district court unless the district judge or the court of appeals so orders." Fed. R. Civ. P. 23(f). "Rule 23(f) avoids delay not only by limiting class-certification appeals to those

permitted by the federal courts of appeals, but also by specifying that an appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders." Microsoft Corp. v. Baker, 127 S. Ct. 1702, 1713 n.9 (2017). The Supreme Court has explained that a "stay is an intrusion into the ordinary process of administration and judicial review" and is therefore "not a matter of right," but rather is an exercise of discretion. Nken v. Holder, 556 U.S. 418, 427 (2009) (internal quotation marks and citations omitted).

Under the traditional standard for a stay, the Court considers four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Id. at 425–26 (citation omitted). See, e.g., In re Petrobras Secs., 193 F. Supp. 313, 315–16 (S.D.N.Y. 2016) (applying the traditional four-factor test to a stay pending an appeal from an order granting class certification under Rule 23(f)). As the party requesting the stay, the IPPs bear the burden of showing that the stay is justified under the circumstances. Nken, 556 U.S. at 418.

### III.  DISCUSSION

The Court considers the four factors in turn, with the first two factors, the likelihood of success on the merits and irreparable injury absent a stay, being the most critical. See Nken, 556 U.S. at 434.

#### A.  Likelihood of Success on the Merits

As a preliminary matter, the First Circuit has not granted the IPPs' petition for an interlocutory appeal, which has been pending for seven months. See [ECF No. 296 at 1]. Where the appellate court has not ruled on the petition, the "likelihood of success" inquiry requires two

3

considerations: first, "whether the moving party will obtain permission to appeal," and, second, "if permission to appeal is granted, whether the moving party will prevail on the merits of the appeal." Thorpe v. District of Columbia, 306 F.R.D. 6, 9 (D.D.C. 2014).

Under the First Circuit's precedent, "many (if not most) class certification decisions turn on 'familiar and almost routine issues . . . .'" Waste Mgmt. Holdings, Inc. v. Mowbray, 208 F.3d 288, 294 (1st Cir. 2000) (quoting Fed. R. Civ. P. 23(f) advisory committee's note to 1998 amendment). The Appellate Court has explained that interlocutory appeals are, "by their nature," "disruptive, time-consuming, and expensive." Id. Therefore, "interlocutory appeals should be the exception, not the rule . . . ." Id. The IPPs have made no argument concerning the likelihood of their petition being granted. See generally [ECF No. 296].

Even if the First Circuit allowed the appeal to go forward, however, that would still be insufficient to warrant a stay of proceedings before this Court. See, e.g., Strougo v. Barclays, 194 F. Supp. 3d 230, 235 (S.D.N.Y. 2016) (finding that the appellate court's granting of a petition under Rule 23 was insufficient to demonstrate a likelihood of success on appeal). Though the IPPs "need not persuade the [C]ourt that it is likely to be reversed," the appeal must "raise[] serious and difficult questions of law in an area where the law is somewhat unclear." Canterbury Liquors & Pantry v. Sullivan, 999 F. Supp. 144, 150 (D. Mass. 1998). See also United States v. Chardon-Sierra, No. 19-cv-01809, 2019 WL 7945953, at *1 (1st Cir. Aug. 28, 2019) (affirming denial of a stay of trial pending review of interlocutory appeal).

The Court cannot predict whether the First Circuit will grant the petition for appeal and, if so, whether the panel would affirm the denial of class certification. At this point, it is sufficient that the IPPs have failed to demonstrate a likelihood of success on the merits that would justify staying the case before this Court. See generally [ECF No. 296].

B.     **Irreparable Injury to IPPs Without a Stay**

The IPPs argue that a stay is warranted because proceeding with the individual claims in this case will result in the inefficient use of court and litigant resources.  [ECF No. 296 at 1]. Litigation expenses, even a "substantial and unrecoupable cost," do not constitute irreparable injury, particularly here where the parties seem willing and able to spend limitless funds on discovery and motion practice.  Renegotiation Bd. v. Bannercraft Clothing Co., Inc., 415 U.S. 1, 24 (1974); see also Glatt v. Fox Searchlight Pictures, Inc., No. 11-cv-06784, 2013 WL 5405696, at *4 (S.D.N.Y. Sept. 17, 2013) ("A stay is inappropriate here because the only 'irreparable harm' identified by [d]efendants is the cost of continuing to litigate this action.  However, it is well established that 'litigation costs do not rise to the level of irreparable injury.'" (quoting Daniels v. City of N.Y., 138 F. Supp. 2d 562, 564 (S.D.N.Y. 2001)).

Additionally, the individual plaintiffs have represented that they will go to trial even without the putative class, undercutting any claim that they would be irreparably injured in the absence of a stay.  See, e.g., Strougo, 194 F. Supp. 3d at 234 (finding that there was no irreparable injury to the moving party in the absence of a stay when plaintiffs represented that they would continue the lawsuit on an individual basis); In re Petrobras Secs., 193 F. Supp. 3d at 316 ("[T]he named class plaintiffs . . . represent that they would proceed as individual plaintiffs on their own sizeable claims even without representing the classes, and would therefore continue to trial . . . on what would be largely the same issues regardless of class certification.").

C.     **Harm to Defendants and the Public Interest**

Because the first two factors favor denying the motion to stay, "little more needs to be said as to the second two . . . ."  Duka v. S.E.C., No. 15-cv-00357, 2015 WL 5547463, at *7 (S.D.N.Y. Sept. 17, 2015) (citing Chevron Corp. v. Donzinger, 37 F. Supp. 653, 671 (S.D.N.Y.

2014)).  Nonetheless, in the interests of completeness and the pending request to appeal, the Court considers each of these factors briefly.

A stay of the indirect purchaser action would leave the direct purchaser action to proceed on its own.  The Defendants argue that "[t]he prejudice to Defendants from putting these two closely related actions on different tracks at the last minute would be acute; trying IPPs' claims separately would entail litigating many of the *exact* same issues, with largely the same roster of witnesses, *twice*."  [ECF No. 307 at 1].  The alternative would be to stay both actions which would prejudice the Defendants in other ways.  See, e.g., In re Petrobras Secs., 193 F. Supp. 3d at 317 ("It is notorious that the bane of the American legal process is expensive, dispiriting, undue delay, and in this case, given the relative subordinate position of the class action, the required stay would serve to magnify these difficulties.").  The Court finds that staying both actions or requiring the DPP action to go forward to be followed by the IPP action (as a class or otherwise) would be prejudicial to the Defendants.[1]

Finally, the IPPs argue that proceeding with individual claims while the First Circuit decides whether to consider class certification would be an inefficient use of the Court's resources.  [ECF No. 296 at 1].  As discussed above, the Court finds that staying the proceedings in this case would not conserve judicial resources and the Defendants have demonstrated that they would be prejudiced by such a stay.  If any of the parties were concerned with conserving judicial resources, they could have filed a motion to stay the proceedings contemporaneously with Plaintiffs' petition to the First Circuit.  Instead, the parties continued with discovery and

---

[1] Though the DPPs have represented that they "take no position on whether the trial of the [IPPs'] claim is stayed," they ask that the DPP "case proceed as scheduled so that the direct purchasers are not prejudiced by delay."  [ECF No. 297 at 1].  Therefore, in order to avoid prejudicing the DPP's by delaying their case, the Court would have to prejudice the Defendants by requiring them, in effect, to try the case twice.

motion practice, including filing the discovery motions and motions for summary judgment that are currently pending before the Court.  Given that these motions are now ripe and will need to be resolved now or later, the Court cannot in good conscience grant the motion to stay based on a professed interest in the public's interest in conserving judicial resources.

## IV.     CONCLUSION

Accordingly, the motion to stay pretrial and trial deadlines pending the First Circuit's consideration of the IPP's petition for an interlocutory appeal, [ECF No. 296], is <u>DENIED</u>.

**SO ORDERED.**

/s/ Allison D. Burroughs<br>
ALLISON D. BURROUGHS<br>
U.S. DISTRICT JUDGE