**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ) | |
| ) | |
| In re INTUNIV ANTITRUST ) | |
| LITIGATION ) | Lead Case No. 1:16-cv-12396-ADB |
| ) | |
| This Document Relates to *All Indirect* ) | |
| *Purchaser Actions* ) | |
| ) | |

**INDIRECT PURCHASER PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT WITH ACTAVIS DEFENDANTS**

**TABLE OF CONTENTS**

I.   INTRODUCTION...................................................................................................1

BACKGROUND ......................................................................................................2

    A.   Case Overview............................................................................................2

    B.   Settlement Negotiations .............................................................................3

II.  SUMMARY OF PROPOSED SETTLEMENT TERMS ........................................3

    A.   The Settlement Class..................................................................................3

    B.   Relief and Release ......................................................................................4

    C.   Notice and Settlement Administration.......................................................4

    D.   Service Awards, Attorneys' Fees, and Costs ............................................4

III. THE SETTLEMENT SATISFIES THE PRELIMINARY APPROVAL
    STANDARD ............................................................................................................4

    A.   The Settlement Resulted from Arm's Length, Informed Negotiations.............5

    B.   There Was Extensive Discovery ................................................................5

    C.   Counsel Are Experienced in Similar Litigation ........................................5

    D.   Presence of Objectors Must Await Notice .................................................6

IV.  THE SETTLEMENT SATISFIES RULES 23(A) AND 23(B) .................................6

    A.   The Settlement Satisfies Rule 23(a) ..........................................................6

        1.   The Class Is Numerous...................................................................6

        2.   Common Questions of Fact and Law Exist ............................................6

        3.   Plaintiffs' Claims Are Typical .................................................................7

        4.   The Adequacy Requirement Is Met ........................................................7

        B.   The Settlement Satisfies Rule 23(b)(3) ....................................................8

V.   NOTICE SHOULD BE DEFERRED...................................................................10

i

**VI.     PROPOSED SCHEDULE OF EVENTS** ...........................................................................11

**VII.    CONCLUSION** .........................................................................................................11

# TABLE OF AUTHORITIES

*Anderson Living Tr. v. WPX Energy Prod., LLC,*
    308 F.R.D. 410 (D.N.M. 2015).................................................................................... 13

*Barba vs. Shire US, Inc.,*
    2015 WL 2412257 (S.D. Fla. May 20, 2015) ........................................................... 13

*Bondi v. Defaclo,*
    No. 17-cv-5681, 2020 WL 2476006 (S.D.N.Y. May 13, 2020) ............................... 13

*Columbus Drywall & Insulation, Inc. v. Masco Corp.,*
    258 F.R.D. 545 (N.D. Ga. 2007)............................................................................... 13

*Gen'l Tel. Co. of S.W. v. Falcon,*
    457 U.S. 147 (1982)................................................................................................... 10

*Hill v. State Street Corp.,*
    No. 09-cv-12146-GAO, 2015 WL 127728 (D. Mass Jan. 8, 2015)............................ 5

*Hochstadt v. Boston Scientific Corp.,*
    708 F. Supp. 2d 95 (D. Mass. 2020) ........................................................................... 9

*In re Air Cargo Shipping Servs. Antitrust Litig.,*
    MD-06-1775, 2009 WL 3077396, 2009 U.S. Dist. LEXIS 88404 (E.D.N.Y. Sept. 25, 2009) 13

*In re Comcast Corp. Set-Top Cable TV Box Antitrust Litig.,*
    656 F. App'x 8 (3d Cir. 2016).................................................................................... 12

*In re Credit Suisse–AOL Sec. Litig.,*
    253 F.R.D. 17 (D. Mass. 2008)..................................................................................... 9

*In re Dynamic Random Access Memory Antitrust Litig.,*
    No. 02-01486, 2013 WL 12333442 (N.D. Cal. Jan. 8, 2013).................................... 13

*In re Ins. Brokerage Antitrust Litig.,*
    579 F.3d 241 (3d Cir. 2009)....................................................................................... 12

*In re Lupron Mktg. & Sales Pracs. Litig.,*
    345 F. Supp. 2d 135 (D. Mass. 2004) .......................................................................... 5

*In re Lupron Mktg. & Sales Practices Litig.,*
    228 F.R.D. 75 (D. Mass. 2005)..................................................................................... 6

*In re New Motor Vehicles Canadian Export Antitrust Litig.*,
   269 F.R.D. 80 (D. Me. 2010) ............................................................................... 12, 13

*In re Processed Egg Prods. Antitrust Litig.*,
   No. 08-md-2002, 2016 WL 3584632 (E.D. Pa. June 30, 2016) ............................... 13

*In re Relafen Antitrust Litig.*,
   231 F.R.D. 52 (D. Mass, Sept. 28, 2005) ............................................................... 6, 8

*Miller v. Carrington Mortg. Servs., LLC*,
   19-cv-00016, 2020 WL 2898837 (D. Me. June 3, 2020) ........................................ 8, 13

*Sullivan v. DB Investments, Inc.*,
   667 F.3d 273 (3d Cir. 2011) ................................................................................. 11, 12

Plaintiffs Tina Picone, Carmen Richard, Shana Wright, and Sherry Cummisford (hereafter, the "Indirect Purchaser Plaintiffs" or "IPPs") hereby file this unopposed motion for preliminary approval of their settlement with Actavis Elizabeth LLC, Actavis LLC (named as Actavis Inc.), and Actavis Holdco U.S., Inc. ("Actavis").

## I.      INTRODUCTION

After 4.5 years of hard-fought litigation, IPPs and Actavis have reached a proposed settlement. The Settlement Agreement (Ex. A hereto) provides that, in exchange for a dismissal with prejudice and certain releases, Actavis will make a settlement payment of $1.1 million to a class of indirect purchasers. Defendants Shire plc, Shire LLC, and Shire U.S., Inc. ("Shire"), Actavis' co-defendants in this litigation, are not a part of the Settlement Agreement and have not settled. IPPs' case against Shire proceeds.

IPPs submit that the Court should grant preliminary approval because the proposed settlement provides substantial relief for the Settlement Class (as defined in the Settlement Agreement), and its terms are fair, adequate, and reasonable. The parties have agreed to settle after years of contested litigation, including extensive discovery and motion practice. The Settlement Agreement resulted from lengthy, arm's length negotiations between experienced counsel well-versed in the facts, law, and procedural posture of this case. Settlement also will streamline the case for trial against the remaining defendant, Shire, and guarantees Settlement Class Members will receive a partial recovery while preserving their claim to additional recovery against Shire. At the same time, the proposed settlement avoids the uncertainties and delays of continued litigation against Actavis and appeals that would follow.

For these reasons, discussed more fully below, IPPs ask the Court to issue an order preliminarily approving the Settlement, appointing IPPs as settlement class representatives, appointing the undersigned as Class Counsel, approve the proposed escrow agent and escrow agreement, and defer Class notice until after a full resolution of all claims as to Shire.

## BACKGROUND

### A.    Case Overview

This is an indirect purchaser antitrust case brought against Shire, the manufacturer of the brand-name prescription drug Intuniv, and Actavis, the "first filer" and manufacturer of the generic equivalent to Intuniv, guanfacine.  The action was commenced in 2016 alleging that Shire and Actavis unlawfully entered into a reverse payment patent settlement that resulted in Shire's retaining brand exclusivity for additional months, while Actavis was assured Shire would not launch its own authorized generic during Actavis' 180-day period of exclusivity as the "first filer" of an abbreviated new drug application.  IPPs alleged that, absent Defendants' collusive arrangement, generic guanfacine would have been available earlier, and at cheaper prices.

On October 20, 2017, the Court largely denied Defendants' motions to dismiss.  The parties then engaged in exhaustive fact discovery, which included the production of over 700,000 pages of documents, approximately two dozen depositions, third-party discovery, and the exchange of many expert reports on antitrust economics, damages, market power, industry practices, prescription drug manufacture, patent matters, and prescribing habits.

On August 21, 2019, the Court denied IPPs' motion for class certification.  The First Circuit denied IPPs' petition for interlocutory appeal on September 10, 2020.

In September 2019, Shire and Actavis moved for summary judgment.  The parties also filed *Daubert* motions as to the many experts.  In September and October 2020, the Court ruled on

2

both parties' motions for summary judgment, and the parties' dueling *Daubert* motions, denying

and granting some requested relief but not granting any party's request for summary judgment in

full.  The case is trial-ready and could be tried now but-for the extraordinary circumstances of the

COVID-19 pandemic.

### B.      Settlement Negotiations

After the Court's summary judgment rulings, the parties engaged in extensive, arm's length

settlement negotiations.  After much back and forth, the parties were able to reach a settlement in

principle on December 7, 2020.  The parties promptly informed the Court, which allowed the

parties time to finalize the settlement papers.  The parties executed the Settlement agreement on

May 11, 2021 subject to preliminary approval and final approval as required by Federal Rule of

Civil Procedure 23.

## II.      SUMMARY OF PROPOSED SETTLEMENT TERMS

### A.      The Settlement Class

The Settlement Class is comprised as follows:

For the period beginning November 15, 2012, to the present, all persons in
Arizona, California, Florida, Iowa, Maine, Massachusetts, Michigan,
Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New
Hampshire, New Mexico, New York, North Carolina, North Dakota,
Oregon, Rhode Island, South Dakota, Tennessee, Vermont, West Virginia,
Wisconsin, and the District of Columbia (A) who purchased brand or
generic Intuniv in the United States for personal or household use, and who
paid the purchase price themselves; and (B) all persons covered by
commercial health insurance who purchased brand Intuniv in the United
States for personal or household use, and who paid some of the purchase
price pursuant to a co-payment or co-insurance provision.

Excluded from the Class are: (1) third-party payors; (2) persons and entities
who purchased directly from Defendants; (3) persons and entities who
purchased only for resale purposes; (4) "flat co-pay" or "Cadillac Plan"
customers who made purchases only via fixed dollar co-payments that do
not vary between a branded pharmaceutical and a generic equivalent; (5)
governmental entities; (6) Defendants, as well as their officers, directors,

3

affiliates, legal representatives; and (7) the judge, justices, magistrates, or judicial officers presiding over this matter.

Settlement ¶ 1. The parties estimate there are thousands of class members.

### B.      Relief and Release

The Settlement Agreement provides that Actavis will create a settlement fund of $1,100,000. *See* Settlement ¶¶ 7-8. From this amount, each Settlement Class Member will be entitled to receive a settlement payment reflecting their pro rata share based on the number of tablets of brand and/or generic Intuniv purchased during the relevant period (net of returns) by each Settlement Class Member. *Id.* ¶ 5.

As consideration for the monetary relief under the Settlement Agreement, Actavis will receive a class-wide Release as more specifically delineated in the Settlement Agreement with respect to any claim that was alleged or could have been alleged in the Amended Complaint, relating to the conduct alleged therein. *Id.* ¶ 9.

### C.      Notice and Settlement Administration

Because the expense of disseminating Notice is disproportionately expensive relative to the amount of the Settlement Fund, the Settlement provides that Notice to the Settlement Class may be deferred until resolution of Plaintiffs' claims against Shire or order of the Court. Settlement ¶ 3. See Sec. IV infra.

### D.      Service Awards, Attorneys' Fees, and Costs

Actavis will take no position on Class Counsel's request for a service award for any named plaintiff, reimbursement of reasonable litigation expenses and costs, and attorneys' fees up to one-third of the Settlement Fund after class notice and final approval. *See* Settlement ¶ 12.

### III.      THE SETTLEMENT SATISFIES THE PRELIMINARY APPROVAL STANDARD

Typically, "[t]here is a presumption of fairness when a proposed class settlement, which was negotiated at arm's-length by counsel for the class, is presented to the Court for approval." *Newberg on Class Actions* § 11.41 (4th ed. 2002).  The four factors the First Circuit considers in deciding whether a settlement is entitled to a presumption of fairness are: "(1) the negotiations occurred at arm's length; (2) there was sufficient discovery; (3) the proponents of the settlement are experienced in similar litigation; and (4) only a small fraction of the class objected."  *In re Lupron Mktg. & Sales Pracs. Litig.*, 345 F. Supp. 2d 135, 137 (D. Mass. 2004).  The fourth factor is relevant primarily for final approval, after notice has issued and class members have been given an opportunity to object.  *Id.*; *see Hill v. State Street Corp.*, No. 09-cv-12146-GAO, 2015 WL 127728 (D. Mass Jan. 8, 2015).  The settlement here satisfies all pertinent factors.

**A.      The Settlement Resulted from Arm's Length, Informed Negotiations**

When "the parties have bargained at arms-length, there is a presumption in favor of the settlement." *In re Lupron Mktg. & Sales Practices Litig.*, 228 F.R.D. 75, 93 (D. Mass. 2005). *See In re Relafen Antitrust Litig.,* 231 F.R.D. 52, 76-77 (D. Mass, Sept. 28, 2005).  Here, the parties engaged in arm's length negotiations.  *See, e.g.*, Decl. of Conlee S. Whiteley, Esq. ("Whiteley Decl.") (Ex. B hereto) at ¶ 4.  The parties had extensive discussions over the course of many weeks, and the Settlement Agreement was based on the facts, rulings, and procedural posture of this case.

**B.      There Was Extensive Discovery**

Extensive fact and expert discovery had been completed by the time the parties engaged in settlement negotiations.   The parties also had the benefit of the Court's rulings on class certification, summary judgment, and *Daubert* motions.  Therefore, both sides were well-informed during their settlement discussions.

**C.      Counsel Are Experienced in Similar Litigation**

Plaintiffs' counsel are qualified and competent class action litigators, well-positioned to evaluate the strengths and weaknesses of continued litigation, as well as the reasonableness of the Settlement.  Class Counsel has successfully handled national, regional, and statewide class actions, as well as other complex mass or multi-party actions, throughout the United States in both federal and state courts. *See* Whiteley Decl. ¶ 10-15.

### D.      Presence of Objectors Must Await Notice

Settlement Class Members will be provided notice of the proposed settlement and an opportunity to object.  At this point, however, this factor is not applicable.

## IV.     THE SETTLEMENT SATISFIES RULES 23(A) AND 23(B)

### A.      The Settlement Satisfies Rule 23(a)

Rule 23(a) lays out four threshold requirements for certification of a class action: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. The Settlement Agreement satisfies each of these requirements.

#### 1.      The Class Is Numerous

A class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a). Although no magic number exists, courts typically find the numerosity requirement to be satisfied if there are more than 40 class members.  *See, e.g.*, *Miller v. Carrington Mortg. Servs., LLC*, 19-cv-00016, 2020 WL 2898837, at *3 (D. Me. June 3, 2020).  The settlement easily exceeds this threshold, as the parties estimate there are at least hundreds, if not thousands, of Settlement Class Members. *See* Whiteley Decl. ¶ 7.

#### 2.      Common Questions of Fact and Law Exist

Rule 23(a)'s commonality requirement is also satisfied here. "The threshold of commonality is not a difficult one to meet." *In re Relafen Antitrust Litig.*, 231 F.R.D. 52, 69 (D.

Mass. 2005).  There must be at least one common issue of fact or law, and not every class member must share the same factual and legal predicate.  *Hochstadt v. Boston Scientific Corp.*, 708 F. Supp. 2d 95, 102 (D. Mass. 2020).  Here, IPPs' and other Settlement Class Members' claims stem from a common course of conduct.  *See* Whiteley Decl. ¶ 8.  This includes, for example, the anticompetitive effect of Shire's and Actavis' alleged conduct, the relevant antitrust market definition, and the existence and Defendants' exercise of market power.

### 3.    Plaintiffs' Claims Are Typical

The typicality requirement aims to assure that the interests of named class representatives align with the interests of the class. "The representative plaintiff satisfies the typicality requirement when its injuries arise from the same events or course of conduct as do the injuries of the class and when plaintiff's claims and those of the class are based on the same legal theory." *In re Credit Suisse–AOL Sec. Litig.*, 253 F.R.D. 17, 23 (D. Mass. 2008).

IPPs' and other Settlement Class Members' claims arise from the same facts and theories. To wit, but-for Actavis' alleged conduct, IPPs and other Settlement Class Members would not have paid higher prices for Intuniv and generic guanfacine for a period of time.  Thus, IPPs' claims are typical of those of other Settlement Class Members. *See* Whiteley Decl. ¶ 7.

### 4.    The Adequacy Requirement Is Met

Rule 23(a)(4) requires class representatives to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This requirement focuses on whether the representatives have any conflicts of interest with the interests of the class, and whether class counsel is capable of representing the class. *See Gen'l Tel. Co. of S.W. v. Falcon*, 457 U.S. 147, 157 n.13 (1982).

The proposed class representatives' interests are coextensive with those of the Settlement Class.  IPPs and Settlement Class Members have an equally great interest in the relief offered by

the Settlement Agreement, and there is no divergence between IPPs' interests and those of the Settlement Class. *See* Whiteley Decl. ¶ 7-8.  As noted above, the proposed class representatives and other Settlement Class Members' claims arise from the same conduct and turn on the same alleged conduct, and the proposed class representatives seek remedies equally applicable and beneficial to themselves and all other Settlement Class Members.  Further, the proposed class representatives are represented by qualified Class Counsel with extensive pertinent experience and expertise. *Id.* ¶10-15.

### B.      The Settlement Satisfies Rule 23(b)(3)

Pertinent to the settlement's proposed monetary relief, Rule 23(b)(3) requires that common questions of law or fact predominate over individual questions, and that class action treatment is superior to other available methods of adjudication.  Predominance focuses on the cohesiveness of the proposed class. *See, e.g.*, *Sullivan v. DB Investments, Inc.*, 667 F.3d 273, 303-304 (3d Cir. 2011) (en banc).

IPPs satisfy the predominance requirement because liability questions common to the Settlement Class substantially outweigh any possible individual issues. The claims of the proposed class representatives and the Settlement Class are based on the same legal theories and the same conduct. Further, resolution of the claims of Settlement Class Members through the settlement of a class action is far superior to individual lawsuits because it promotes consistency and efficiency of adjudication. *See* Fed. R. Civ. P. 23(b)(3). Absent certification, potential class members would lack incentive to pursue individual claims due to the relatively small individual amounts at issue.

The Court's previous denial of certification of the IPPs' litigation class does not preclude the Court's preliminarily or finally approving a settlement class.  This is because ascertainability, predominance, and manageability issues may apply differently in settlement when certain issues

are not going to be litigated, and that is the case here. *See, e.g., Sullivan*, 667 F.3d at 303-07 (affirming direct and indirect purchaser settlement classes even though parts of classes lacked ability to prove antitrust injury on classwide basis); *see also In re Comcast Corp. Set-Top Cable TV Box Antitrust Litig.*, 656 F. App'x 8 (3d Cir. 2016) (ascertainability not implicated in proposed settlement class where parties do not challenge class membership for purposes of settlement); *In re Ins. Brokerage Antitrust Litig.*, 579 F.3d 241, 285 (3d Cir. 2009) (affirming certification of a settlement class based on Sherman Act, RICO and other claims, despite the dismissal of identical or nearly identical claims brought against non-settling defendants). *See* Fed. R. Civ. P. 23(c)(1)(C). Thus, a prior denial order has no preclusive or law-of-the-case effect. And, because such orders are non-final, they remain appealable, reflecting further litigation risk that can be negotiated in a settlement. *See, e.g.*, *In re New Motor Vehicles Canadian Export Antitrust Litig.*, 269 F.R.D. 80, 88 (D. Me. 2010). Indeed, in *In re New Motor Vehicles,* the court certified a settlement class of indirect purchasers whose antitrust claims had been previously dismissed for lack of antitrust injury under *Illinois Brick*. That court held that "whether these plaintiffs and the class they represent have any right to recover" by appealing the dismissal of their antitrust claims constituted a question common to the class that supported certification for settlement purposes. *Id. a*t *88 & n.59. Many other courts certify settlement classes after denying certification of a litigation class.[1]

---

[1] *See, e.g.*, *Bondi v. Defaclo*, No. 17-cv-5681, 2020 WL 2476006, at *1, *7 (S.D.N.Y. May 13, 2020) (certifying FLSA settlement class after denying motion to certify merits class); *In re Processed Egg Prods. Antitrust Litig.*, No. 08-md-2002, 2016 WL 3584632, at *8 (E.D. Pa. June 30, 2016) (granting preliminary approval of settlement class even though court had previously found "that the plaintiffs failed to meet their burden of showing that issues of law and fact would predominate at trial with regards to the availability of evidence of antitrust impact, common to the entire class"); *Anderson Living Tr. v. WPX Energy Prod., LLC*, 308 F.R.D. 410, 439 (D.N.M. 2015) ("[C]ourts will certify settlement classes although they had previously denied certification of the same class for litigation purposes.") (international quotations and citation omitted); *In re*

## V.      NOTICE SHOULD BE DEFERRED

Because the expense of disseminating Notice is disproportionately expensive relative to

the amount of the Settlement Fund, the Settlement provides that Notice to the Settlement Class

may be deferred until resolution of Plaintiffs' claims against Shire or order of the Court.

Settlement ¶ 3.  The Court embraced a similar procedure when it preliminarily approved Actavis'

settlement with the direct purchaser plaintiffs.  *See* 9/11/2020 Order, No. 16-cv-12653 (ECF 493).

Upon preliminary approval of the proposed settlement, and pending class notice and a fairness

hearing resulting in final approval, Actavis will place funds in an interest-bearing escrow account

at Huntington Bank.  *See* Whiteley Decl. ¶ 17.

Class counsel have also chosen a settlement administrator, KCC to propose to the Court to

administer the settlement claims.  KCC administered similar claims in *Barba v. Shire US, Inc.*,

2015 WL 2417257 (S.D. Fla. November 2015) and is able to further develop and refine the notice

plan there to efficiently and adequately notify the class and administer claims.  Plaintiffs will

---

*Dynamic Random Access Memory Antitrust Litig.*, No. 02-01486, 2013 WL 12333442, at *48
(N.D. Cal. Jan. 8, 2013) (noting that nothing in court's prior ruling denying class certification as
to a proposed litigation class prevented the court from subsequently granting certification for
settlement purposes); *In re New Motor Vehicles Canadian Export Antitrust Litig.*, 269 F.R.D. 80,
88 (D. Me. 2010) (certifying settlement class of indirect purchasers whose Sherman Act claims
had been previously dismissed for lack of antitrust injury under Illinois Brick, holding that
"whether these plaintiffs and the class they represent have any right to recover" by appealing the
dismissal of their Sherman Act claims constituted a question common to the class that supported
certification for settlement purposes); *In re Air Cargo Shipping Servs. Antitrust Litig.*, MD-06-
1775, 2009 WL 3077396, 2009 U.S. Dist. LEXIS 88404 (E.D.N.Y. Sept. 25, 2009), (certifying
settlement class claims after previously dismissing same claims on basis of preemption); *Columbus
Drywall & Insulation, Inc. v. Masco Corp.*, 258 F.R.D. 545, 553 (N.D. Ga. 2007) (denying class
certification of proposed litigation class, but approving proposed settlement class); *see also In re
Domestic Drywall Antitrust Litig.*, No. 13-md-023437 (E.D. Pa.), motion to preliminarily approve
indirect purchaser settlement classes after denial of litigation classes (mem. in supp. of mot. at
ECF 688-1), and order granting same (ECF 743)).

provide the Court with a proposed notice plan and class notice for approval upon request and prior to dissemination of class notice.

## VI.   **PROPOSED SCHEDULE OF EVENTS**

Plaintiffs are prepared to present the class settlement to the Court during a preliminary approval hearing, should the Court determine a hearing is necessary, at the Court's earliest opportunity.  If no hearing is set, Plaintiffs request a brief status conference with the Court to discuss the timing and logistics of settlement and future class notice.

## VII.   **CONCLUSION**

For the reasons set forth herein, Plaintiffs respectfully request that the Court preliminarily approve the class action settlement, schedule a preliminary approval hearing if needed, conditionally certify the Settlement Class, approve the proposed escrow agent, and schedule a status conference at the Court's earliest opportunity.


**Dated:** May 24, 2021

Respectfully submitted,

/s/ *Conlee S. Whiteley*

Allan Kanner, Esq. (*pro hac vice*)
Conlee S. Whiteley, Esq. (*pro hac vice*)
David J. Stanoch, Esq. (*pro hac vice*)
Layne Hilton, Esq. (*pro hac vice*)
**KANNER & WHITELEY, LLC**
701 Camp Street
New Orleans, LA 70130
Phone: (504) 524-5777
Email: a.kanner@kanner-law.com
       c.whiteley@kanner-law.com
       d.stanoch@kanner-law.com
       l.hilton@kanner-law.com


Ruben Honik, Esq. (*pro hac vice)*
**GOLOMB & HONIK, P.C.**

11

1585 Market Street, Suite 1100
Philadelphia, PA 19102
Phone: (215) 985-9177
Email: rhonik@golombhonik.com

Stephen Galebach, Esq.
**GALEBACH LAW OFFICE**
9-11 Touro Avenue
Medford, MA 02155
Phone: (617) 429-1966
Email: stephen.galebach@gmail.com

*Attorneys for IPP Plaintiffs*

## CERTIFICATE OF SERVICE

In accordance with Local Rule 5.2(b), I, David J. Stanoch, hereby certify that this document

filed through CM/ECF system on this date of May 24, 2021, was filed and served upon all counsel

of record via the court's CM/ECF system.

*/s/ David J. Stanoch*
David J. Stanoch

12