## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

IN RE INTUNIV ANTITRUST LITIGATION

Civil Action No.  16-cv-12396-ADB

This Document Relates to:
*All Indirect Purchaser Actions*

### SETTLEMENT AGREEMENT

This Settlement Agreement is made and entered into on May *10* , 2021 by and between

plaintiffs Tina Picone, Carmen Richard, Shana Wright, and Sherry Cummisford, ("Plaintiffs"),

individually and on behalf of the Indirect Purchaser Settlement Class as defined below ("Indirect

Purchaser Settlement Class"), by and through Ruben Honik of Golomb & Honik, P.C. and

Conlee S. Whiteley of Kanner & Whiteley, LLC in their capacity as attorneys for the Plaintiffs

and Class Counsel for the Indirect Purchaser Settlement Class in *In re Intuniv Antitrust*

*Litigation*, C.A. No. 1:16-cv-12396-ADB (the "Action"), and defendants Actavis Elizabeth LLC

and Actavis Holdco US, Inc. ("Actavis"), by and through its counsel Goodwin Procter LLP. This

Settlement Agreement is intended to, and upon occurrence of the Effective Date will fully,

finally, and forever resolve, compromise, discharge, and settle the claims of the Indirect

Purchaser Settlement Class in this Action as to Actavis, subject to the terms and conditions set

forth herein. The Settlement Agreement resolves claims against Actavis only, and does not

resolve, compromise, discharge, or settle any of the claims of Plaintiffs or the Indirect Purchaser

Settlement Class against defendants Shire LLC, and Shire U.S., Inc. ("Shire").

### RECITATIONS

WHEREAS, on October 31, 2016, Ms. Picone filed a Class Action Complaint against

Defendants, and then on March 10, 2017, with Ms. Cummisford, Ms. Richard, and Ms. Wright

filed a Consolidated and Amended Indirect Purchaser Plaintiffs' Class Action Complaint on

behalf of a class of consumers that purchased brand or generic extended release guanfacine hydrochloride sold under the brand name Intuniv directly from Shire and Actavis, alleging that Shire and Actavis engaged in a scheme in violation of state and federal antitrust laws to unlawfully delay entry of generic substitutes for brand Intuniv thus imposing anticompetitive overcharges on members of the Indirect Purchaser Settlement Class;

WHEREAS, on October 20, 2017, the Court issued an order denying the defendants' motion to dismiss the complaints filed on behalf of the Indirect Purchaser Settlement Class. *See Tina Picone, et al., v. Shire*, C.A. No. 1:16-cv-12396-ADB, 2017 WL 4873506, at *1 (D. Mass. Oct. 20, 2017);

WHEREAS, on August 21, 2019, the Court issued an order on Plaintiffs' motion for class certification pursuant to Fed. R. Civ. P. 23 denying class certification. *See In re Intuniv Antitrust Litig.*, No. 1:16-CV-12396-ADB, 2019 WL 3947262, at *1 (D. Mass. Aug. 21, 2019), *reconsideration denied sub nom. In re Intuniv Antitrust Litig. (Indirect Purchasers)*, No. 1:16-CV-12396-ADB, 2019 WL 5789837 (D. Mass. Nov. 6, 2019);

WHEREAS, on September 10, 2020, the Court issued an order on the parties' motions to exclude certain expert testimony, granting the motions in part and denying them in part. *In re Intuniv Antitrust Litig. (Indirect Purchasers)*, No. 1:16-CV-12396-ADB, ECF 345 (D. Mass. Sept. 10, 2020);

WHEREAS, on September 21, 2020, the Court issued an order on the parties' motions for summary judgment, granting the motions in part and denying them in part. *In re Intuniv Antitrust Litig. (Indirect Purchasers)*, No. 1:16-CV-12396-ADB, ECF 338, 344 (D. Mass. Sept. 21, 2020);

2

WHEREAS, Actavis denies each and every one of the allegations asserted in the current pending and prior complaints on behalf of the Indirect Purchaser Settlement Class, and has not conceded or admitted any liability, and has asserted a number of defenses to the claims on behalf of the Indirect Purchaser Settlement Class;

WHEREAS, Plaintiffs and Actavis agree that neither this Settlement Agreement nor the settlement it embodies (the "Settlement") nor any actions taken in furtherance of either the Settlement Agreement or the Settlement shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Actavis or of the truth of Plaintiffs' claims or allegations for purposes other than the Settlement;

WHEREAS, after substantial factual and expert discovery of the facts, including the claims asserted in Plaintiffs' Complaint in this Action, and the legal and factual defenses thereto asserted by Actavis, and in light of ongoing litigation against and joint and several liability of Shire in this Action, Class Counsel believe that it would be in the best interests of the Indirect Purchaser Settlement Class to enter into this Settlement Agreement with Actavis to avoid the uncertainties of litigation against Actavis, streamline the case for trial against a single defendant, Shire, and to assure a benefit to the Indirect Purchaser Settlement Class;

WHEREAS, Counsel, on behalf of Plaintiffs and the Indirect Purchaser Settlement Class, and counsel for Actavis, all of which are highly experienced in pharmaceutical antitrust litigation and settlement, engaged in arm's-length settlement negotiations and have reached this Settlement Agreement, subject to Court approval, which embodies all of the terms and conditions of the Settlement between Plaintiffs, both individually and on behalf of the Indirect Purchaser Settlement Class, and Actavis;

WHEREAS, Class Counsel have concluded that the Settlement is fair, reasonable, and adequate within the meaning of Fed. R. Civ. P. 23 and is in the best interests of the Indirect Purchaser Settlement Class;

WHEREAS, Actavis has concluded, despite its belief that it is not liable for the claims asserted and that it has good defenses thereto, that it would be in its best interests to enter into this Settlement Agreement solely to avoid the uncertainties and additional costs of further litigation and to put to rest all claims asserted on behalf of the Indirect Purchaser Settlement Class in this Action;

WHEREAS, the Settlement resolves claims against Actavis only, and does not resolve, compromise, discharge, or settle any of the claims of Plaintiffs or the Indirect Purchaser Settlement Class against Shire.

NOW THEREFORE, in consideration of the foregoing and the representations, warranties, and covenants contained herein, and intending to be legally bound hereby, it is agreed by the undersigned, on behalf of Plaintiffs and the Indirect Purchaser Settlement Class, and Actavis, that this Action and all claims of the Plaintiffs and the Indirect Purchaser Settlement Class be settled, compromised, and dismissed with prejudice as to Actavis, with each party bearing its own costs, subject to the approval of the Court, on the following terms and conditions:

1.      **Indirect Purchaser Settlement Class**.   The Indirect Purchaser Settlement Class, which Actavis shall not challenge for purposes of this Settlement, is defined as:

> For the period beginning November 15, 2012, to the present, all persons in Arizona, California, Florida, Iowa, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Dakota, Tennessee, Vermont, West Virginia, Wisconsin, and the District of Columbia (A) who purchased brand or

generic Intuniv in the United States for personal or household use, and who paid the purchase price themselves; and (B) all persons covered by commercial health insurance who purchased brand Intuniv in the United States for personal or household use, and who paid some of the purchase price pursuant to a co-payment or co-insurance provision.

Excluded from the Class are: (1) third-party payors; (2) persons and entities who purchased directly from Defendants; (3) persons and entities who purchased only for resale purposes; (4) "flat co-pay" or "Cadillac Plan" customers who made purchases only via fixed dollar co-payments that do not vary between a branded pharmaceutical and a generic equivalent; (5) governmental entities; (6) Defendants, as well as their officers, directors, affiliates, legal representatives; and (7) the judge, justices, magistrates, or judicial          officers          presiding          over          this          matter.

**2.     Reasonable Best Efforts to Effectuate This Settlement.** Plaintiffs, Class

Counsel, and Actavis agree to recommend approval of this Settlement to the Court and to

undertake their best efforts, including all steps and efforts contemplated by this Settlement

Agreement and any other steps and efforts that may be necessary or appropriate, to carry out the

terms of this Settlement Agreement, and to secure the prompt, complete, and final dismissal with

prejudice of claims in this Action against Actavis. This includes Actavis serving notice of this

Settlement on the appropriate federal and state officials under the Class Action Fairness Act, 28

U.S.C. § 1715.

**3.     Motion for Preliminary Approval of the Settlement.** As soon as is possible

and in no event later than 30 days after the date of this Settlement Agreement, Plaintiffs and the

Indirect Purchaser Settlement Class shall submit to the Court, and Actavis shall support, a

motion seeking entry of an order preliminarily approving the Settlement. The motion shall:

a.     Request preliminary approval of the Settlement set forth in this Settlement

Agreement as fair, reasonable, and adequate, and in the best interests of the Indirect

Purchaser Settlement Class, pursuant to Fed. R. Civ. P. Rule 23;

       b.      Request a stay of all proceedings in this Action on behalf of Plaintiffs and the Indirect Purchaser Settlement Class against Actavis only, except those proceedings provided for or required by this Settlement Agreement;

       c.      Because the expense of disseminating Notice to the Class is disproportionately expensive relative to the amount of the Settlement Fund amount, Class Counsel will recommend that notice to the Indirect Purchaser Settlement Class be deferred until resolution of Plaintiffs' claims against Shire or order of the Court; and

       d.      Seek a schedule for a hearing by the Court after the notice period has expired to determine the fairness of the Settlement and Class Counsel's application for an award of attorney fees, reimbursement of expenses and service awards for the Class Representatives appointed by the Court.

    **4.**     **Class Certification**.  Plaintiffs and Class Counsel shall seek Court approval of the certification of the Indirect Purchaser Settlement Class for purposes of Settlement only, concurrently with their Motion for Preliminary Approval.  Actavis will not oppose Class Counsel's motion for appointment as Interim Co-Lead Class Counsel or class certification in connection with the proposed Settlement.  Neither this Settlement Agreement nor any other Settlement-related document, nor anything contained herein or therein or contemplated hereby or thereby, nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other Settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession by Actavis as to whether any other class may be certified for purposes of litigation and trial.  Further, if for any reason this Settlement Agreement should fail to become effective, Actavis's agreement not to oppose

6

certification of the Indirect Purchaser Settlement Class shall be null and void, and the parties shall return to their respective positions in the Action before this Agreement was executed.

Prior to the Preliminary Approval Order and until the date for members of the Indirect Purchaser Settlement Class to opt out, Actavis (or any employee or agent or representative thereof, including any counsel) agrees to refrain from contacting or communicating with any putative member of the Indirect Purchaser Settlement Class (as defined in Paragraph 1) regarding the subject matter of this litigation or the settlement thereof absent agreement of Class Counsel for the Indirect Purchaser Settlement Class.

5.  **Motion for Final Approval and Entry of Final Judgment.** If the Court preliminarily approves this Settlement, Plaintiffs and the Indirect Purchaser Settlement Class shall submit and Actavis shall support a motion for final approval of this Settlement by the Court (the "Final Approval Motion"), after Notice has been disseminated to the Indirect Purchaser Settlement Class pursuant to the Preliminary Approval Order. The Final Approval Motion shall seek entry of an order and final judgment ("Final Approval Order") substantially in the form of **Exhibit C** hereto:

a.  Finding this Settlement Agreement and its terms to be a fair, reasonable, and adequate settlement as to Plaintiffs and the Indirect Purchaser Settlement Class within the meaning of Fed. R. Civ. P. 23 and directing its consummation pursuant to its terms;

b.  Finding that notice given constitutes due, adequate, and sufficient notice and meets the requirements of due process and the Federal Rules of Civil Procedure;

c.  Finding that the proposed Plan of Allocation, which allocates the Settlement Fund (net of Court-approved attorney fees, expenses, service awards and

7

settlement administration costs) *pro rata* based on the number of tablets of brand and/or generic Intuniv purchased during the relevant period (net of returns) by each member of the Indirect Purchaser Settlement Class, is fair and efficient.

      d.     Finding that all members of the Indirect Purchaser Settlement Class shall be bound by this Settlement Agreement, including the release provisions and covenant not to sue set forth in this Settlement Agreement;

      e.     Incorporating the releases set forth in Paragraphs 9 and 10, below, and forever barring the Releasors from asserting any Released Claims against any of the Releasees as defined below;

      f.     Providing for an award of reasonable attorneys' fees, reimbursement of expenses and service awards solely from the Settlement Fund;

      g.     Retaining exclusive jurisdiction over the Settlement and this Settlement Agreement, including the administration and consummation of this Settlement;

      h.     Directing that all claims by and on behalf of Plaintiffs and the Indirect Purchaser Settlement Class be dismissed with prejudice as to Actavis only and, except as provided for herein, with prejudice and without costs or attorney's fees recoverable under 15 U.S.C. § 15(a); and

      i.     Determining pursuant to Fed. R. Civ. P. 54(b) that there is no just reason for delay and directing that all of the Indirect Purchaser Settlement Class claims in this Action as to Actavis only shall be final and immediately appealable.

      **6.**    **Finality of Settlement.** This Settlement Agreement and the Settlement shall become final upon the occurrence of all of the following (the "Effective Date"):

a.      The Settlement and this Settlement Agreement are approved by the Court as required by Fed. R. Civ. P. 23(e);

b.      The Court enters an order finally approving the Settlement substantially in the form attached hereto as the Final Approval Order, entering a final judgment of dismissal with prejudice as to Actavis only against Plaintiffs and the Indirect Purchaser Settlement Class;

c.      The time for appeal from the Court's signing of the Final Approval Order has expired or, if the Final Approval Order is appealed, it has been resolved by agreement and withdrawn by the appealing party, or it has been affirmed by the court of last resort to which an appeal of such Final Approval Order may be taken; and

d.      The Settlement is not terminated pursuant to Paragraph 13, below.

7.      **Settlement Payment.**  No later of 10 business days following execution of this Settlement Agreement and receipt of wiring instructions, Actavis shall pay $1.1 million (the "Settlement Payment") to the designated account (the "Settlement Fund").  The Settlement Fund shall be held in escrow (the "Escrow Account"), subject to the terms and conditions of an escrow agreement in the form of **Exhibit D** hereto (the "Escrow Agreement") and in accordance with the provisions of Paragraph 8 below, to be held in escrow pending finality of this Settlement Agreement pursuant to Paragraph 6, above.  The total consideration that Actavis will pay for this Settlement shall be the Settlement Payment only.

8.      **The Settlement Fund.**

a.      Before the Court issues the Final Approval Order, disbursements for expenses associated with providing notice of the Settlement to the Class, expenses associated with administering the Settlement, and any payments and expenses incurred in

connection with taxation matters relating to the Settlement and this Settlement Agreement (collectively, "Administration Expenses") may be made from the Settlement Fund. In the event the Agreement is disapproved, terminated, or otherwise fails to become effective, the Settlement Fund shall be refunded to Actavis plus interest earned (net of any taxes paid on such interest), minus half the actual costs of notice and claims administration. Court approval shall not be required for disbursements or distributions of Administration Expenses for amounts (in the aggregate) of less than $50,000. Otherwise, no disbursement from or distribution of the Settlement Fund shall be made without prior approval of the Court.

   b. At all times prior to the Effective Date, the Settlement Fund shall be invested as set forth in the Escrow Agreement, in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Money Market Fund or a bank account insured by the Federal Deposit Insurance Corporation ("FDIC") up to the guaranteed FDIC limit. After the Effective Date, the Settlement Fund shall be invested as directed in writing by Class Counsel. All interest and dividends earned on the Settlement Fund shall become and remain part of the Settlement Fund. Any losses on the Settlement Fund shall be borne by the Settlement Fund and shall not be recoverable from Actavis. Actavis shall have no liability, obligation, or responsibility of any kind in connection with the investment, disbursement, or other oversight of the Settlement Fund.

   c. After the Effective Date, the Settlement Fund shall be distributed in accordance with the Court-approved plan for such distribution. After making the Settlement Payment, Actavis shall have no responsibility whatsoever for the allocation or

distribution of the Settlement Fund and shall not be responsible for disputes relating to the amount, allocation, or distribution of any fees or expenses. Further, after making the Settlement Payment, Actavis shall not be liable for any additional payments to the Plaintiffs, Class Counsel, of the Indirect Purchaser Settlement Class pursuant to this Settlement Agreement.

        d.     Actavis shall have no right of reimbursement or repayment from the Settlement Fund except as set forth in Paragraphs 8(a) and 13.

        e.     Plaintiffs and Class Counsel shall be reimbursed and indemnified solely out of the Settlement Fund for all expenses. Actavis shall not be liable for any costs, attorneys' fees, other fees, or expenses of any of Plaintiffs' or the Indirect Purchaser Settlement Class's respective attorneys, experts, advisors, agents, or representatives, but all such costs, fees, and expenses as approved by the Court shall be paid out of the Settlement Fund.

        f.     To the extent that there is any ambiguity or inconsistency concerning disbursements when this Settlement Agreement and the Escrow Agreement are read together, the terms of this Settlement Agreement shall control.

        **9.**     **Releases.** In consideration for the Settlement Payment and Cooperation described in this Settlement Agreement, upon the occurrence of the Effective Date, Plaintiffs and all members of the Indirect Purchaser Settlement Class (on behalf of themselves and their respective past, present, and future trustees, insurers, agents, associates, attorneys, and any other representatives thereof, and predecessors, heirs, executors, administrators, successors, and assigns of each of the foregoing), on their own behalf and as assignee or representative of any other entity (the "Plaintiff Releasors"), will dismiss Actavis (and its past, present, and future

11

parents, subsidiaries, divisions, affiliates, joint ventures, stockholders, and general or limited partners, as well as their past, present, and future respective officers, directors, employees, trustees, insurers, agents, associates, attorneys, and any other representatives thereof, and the predecessors, heirs, executors, administrators, successors, and assigns of each of the foregoing) (the "Actavis Releasees") from this Action with prejudice, and release the Actavis Releasees from all claims, rights, debts, obligations, demands, actions, suits, causes of action, liabilities, including costs, expenses, penalties, and attorneys' fees, or damages whenever incurred, known or unknown, that were or could have been brought against Actavis in this litigation relating to brand or generic Intuniv, or that arise out of or relate, in whole or in part in any manner, to:

> (a) the subject matter of or acts, omissions, or other conduct alleged in the complaints in this Action, any prior complaints or subsequent amended complaints filed in this Action; (b) all claims concerning alleged delayed entry of generic versions of Intuniv (including any authorized generic) that could have been asserted in this Action; and/or (c) any and all claims alleging that any agreement between Actavis and Shire relating to brand and/or generic Intuniv resulted in the delayed entry of generic versions of generic Intuniv (including any authorized generic), (collectively, this entire paragraph, the "Released Claims").

Plaintiffs and the Indirect Purchaser Settlement Class hereby covenant and agree that, after the Effective Date, each shall not sue or otherwise seek to establish or impose liability against the Actavis Releasees based, in whole or in part, on any of the Released Claims. The Plaintiff Releasors are releasing claims (upon final Court approval) only against the Actavis Releasees. Actavis shall release Plaintiffs and the Indirect Purchaser Settlement Class from all claims, regardless of legal theory, that would have been a compulsory counterclaim in this Action. Actavis hereby covenants and agrees that, after the Effective Date, neither Actavis nor any other Actavis Releasee shall sue or otherwise seek to establish or impose liability against any Plaintiff

and/or the Indirect Purchaser Settlement Class for any and all claims, regardless of legal theory,

that would have been a compulsory counterclaim in this Action.

10.     **Additional Release.** In addition, upon the Effective Date, Plaintiffs and each

member of the Indirect Purchaser Settlement Class hereby expressly waives and releases any and

all provisions, rights, and benefits conferred by § 1542 of the California Civil Code, which reads:

> SECTION 1542. **GENERAL RELEASE–CLAIMS**
> **EXTINGUISHED. A GENERAL RELEASE DOES NOT**
> **EXTEND TO CLAIMS WHICH THE CREDITOR DOES**
> **NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER**
> **FAVOR AT THE TIME OF EXECUTING THE RELEASE,**
> **WHICH IF KNOWN BY HIM OR HER MUST HAVE**
> **MATERIALLY AFFECTED HIS OR HER SETTLEMENT**
> **WITH THE DEBTOR.**

Upon the Effective Date, Plaintiffs and each member of the Indirect Purchaser Settlement Class

also hereby expressly waives and releases any and all provisions, rights, and benefits conferred

by any law of any state or territory of the United States or other jurisdiction, or principle of

common law, which is similar, comparable, or equivalent to § 1542 of the California Civil Code.

Plaintiffs and each member of the Indirect Purchaser Settlement Class may hereafter discover

facts other than or different from those that it knows or believes to be true with respect to the

claims that are the subject of this Paragraph, but Plaintiffs and each member of the Indirect

Purchaser Settlement Class hereby agrees that as of the Effective Date, it expressly waives and

fully, finally, and forever settles and releases as to the Actavis Releasees only any known or

unknown, suspected or unsuspected, accrued or unaccrued, contingent or non-contingent claim

that would otherwise fall within the definition of Released Claims, whether or not concealed or

hidden, without regard to the subsequent discovery or existence of such different or additional

facts.  For the avoidance of doubt, Plaintiffs and each member of the Indirect Purchaser

Settlement Class also hereby agrees that as of the Effective Date, it expressly waives and fully,

13

finally, and forever settles and releases any and all claims that would otherwise fall within the definition of Released Claims it may have against any of the Actavis Releasees under § 17200, *et seq.*, of the California Business and Professions Code or any similar, comparable, or equivalent provision of the law of any other state or territory of the United States or other jurisdiction, which claims are hereby expressly incorporated into the definition of Released Claims.

11.     **Full Satisfaction; Limitation of Interest and Liability.**  Members of the Indirect Purchaser Settlement Class shall look solely to the Settlement Fund for settlement and satisfaction against Actavis of all claims that are released hereunder. Except as provided by order of the Court, no member of the Indirect Purchaser Settlement Class shall have any interest in the Settlement Fund or any portion thereof. Plaintiffs and Class Counsel or any other counsel acting on Plaintiffs' behalf, will be paid solely out of the Settlement Fund for any costs and expenses relating to this Action.

12.     **Attorneys' Fees, Service Awards, and Costs.**

a.      Class Counsel intend to seek, solely from the Settlement Fund, attorneys' fees of up to one-third of the Settlement Fund (including interest accrued thereon but net of any reasonable costs and expenses incurred prior to Settlement), reimbursement of reasonable litigation expenses incurred in the prosecution of the Action, service awards for each named plaintiff, and payment for costs of Administration Expenses of the Settlement Fund. Plaintiffs' Counsel shall file a motion for approval of the fee, expense and service award ("Motion for Fee, Expense and Service Awards") after the Court has granted preliminary approval to the Settlement but sufficiently before the Court's final fairness hearing on the Settlement, and Actavis agrees to take no position with respect to the Motion for Fee and Expense Award, or on any other application by Class Counsel for

14

fees or expenses to be paid only from the Settlement Fund as may be necessary to effectuate this Settlement Agreement. Class Counsel shall be paid solely out of the Settlement Fund for all such fees and expenses. Plaintiffs, Class Members, and their respective counsel, shall not seek payment of any attorneys' fees or costs from Actavis in this Action, or in any other action related to the released claims set forth above, from any source other than the Settlement Fund.

      b.     The procedures for and the allowance or disallowance by the Court of the application by Plaintiffs' Counsel for attorneys' fees, costs and expenses to be paid out of the Settlement Fund are not part of this Agreement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement. Any order or proceeding relating to the fee and expense application, or any appeal from any such order, shall not operate to terminate or cancel this Agreement, or provide a basis to terminate or cancel this Agreement, affect or delay the finality of the judgment approving settlement, or affect or delay the payment of the Fee and Expense Award.

      c.     If the Court's award of such fees and expenses is vacated, reversed, or reduced subsequent to the disbursement of any fee, expense award or service award, Class Counsel shall within 10 business days after receiving written notice from the Court or Actavis of such vacatur, reversal, or reduction, make a refund to the Escrow Account in the amount of such vacatur, reversal, or reduction with interest; and further, if the Settlement Agreement is terminated pursuant to Paragraph 13 below, Class Counsel shall within 10 business days after giving notice to or receiving notice from Actavis of such termination, make a refund to the Escrow Account in the amount of any such Fee and

15

Expense Award with interest. The interest rate applicable to any refund made to the Escrow Account pursuant to this Paragraph shall be the same interest rate earned by the Settlement Fund during the period between the disbursement of any fee, expense or service award and any refund required by this Paragraph.

13.    **Termination.**  Actavis and Plaintiffs shall each have the option to terminate the Settlement and have the Settlement Payment refunded to Actavis if any of the following occurs: (a) the Court declines to grant final approval to the Settlement, or (b) a mutually agreed upon percentage of the proposed Indirect Purchaser Settlement Class opts out of the Settlement.  The agreed upon opt-out percentage trigger is specified in a confidential supplemental agreement to be filed under seal attached hereto as **Exhibit E**.  If for any reason the Settlement does not become final in accordance with the terms of this Settlement Agreement, then (i) this Settlement Agreement shall be of no force or effect; (ii) all funds paid by Actavis into the Settlement Fund, plus interest (net of any taxes paid on such interest), minus half the actual costs of notice and claims administration, shall be returned to Actavis as soon as practicable after the Escrow Agent receives notice of termination; (iii) any release pursuant to Paragraphs 9 and 10 above shall be of no force or effect; and (iv) that litigation of this Action will resume in a reasonable manner and on a reasonable timetable to be approved by the Court.

14.    **Taxes Paid by Settlement Fund.**

a.    The parties intend that any taxes due as a result of income earned by the Settlement Fund will be paid from the Settlement Fund.  Class Counsel shall be solely responsible for directing the Claim Administrator to file all informational and other tax returns necessary to report any taxable and/or net taxable income earned by the Settlement Fund.  Further, Class Counsel shall be solely responsible for directing the

Claim Administrator to make any tax payments, including interest and penalties due, on income earned by the Settlement Fund. Class Counsel shall be entitled to direct the Escrow Agent to pay from the Escrow Account customary and reasonable tax expenses, including professional fees and expenses incurred in connection with carrying out the Escrow Agent's or tax preparer's responsibilities. Actavis shall have no responsibility to make any tax filings related to the Settlement, this Settlement Agreement, or the Settlement Fund, and shall have no responsibility to pay taxes on any income earned by the Settlement Fund, or to pay taxes with respect thereto unless the settlement is not consummated and the Settlement Fund or the Net Settlement Fund is returned to Actavis. Other than as specifically set forth herein, Actavis shall have no responsibility for the payment of taxes or tax-related expenses. If, for any reason, for any period of time, Actavis is required to pay taxes on income earned by the Settlement Fund, the Escrow Agent shall, upon written instructions from Actavis with notice to Class Counsel, timely pay to Actavis sufficient monies from the Settlement Fund to enable it to pay all taxes (state, federal, or other) on income earned by the Settlement Fund.

  b. For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "Administrator" of the Escrow Account shall be the Claim Administrator, who shall timely and properly file or cause to be filed on a timely basis, all tax returns necessary or advisable with respect to the Escrow Account (including without limitation all income tax returns, all informational returns, and all returns described in Treas. Reg. § 1.468B 2(1)).

  c. The parties to this Settlement Agreement and their counsel shall treat, and shall cause the Escrow Agent to treat, the Settlement Fund as being at all times a

17

"qualified settlement fund" within the meaning of Treas. Reg. § 1.468B 1. The parties, their counsel, and the Escrow Agent agree that they will not ask the Court to take any action inconsistent with the treatment of the Escrow Accounts in this manner. In addition, the Escrow Agent and, as required, the parties shall timely make such elections as necessary or advisable to carry out the provisions of this Paragraph, including the "relation-back election" (as defined in Treas. Reg. § 1.468B 1(j)) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties and thereafter to cause the appropriate filing to occur. All provisions of this Settlement Agreement shall be interpreted in a manner that is consistent with the Escrow Accounts being a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B.

15.     **Binding Effect.**  This Settlement Agreement shall be binding upon, and inure to the benefit of, the parties hereto and to the Releasees. Without limiting the generality of the foregoing, each and every covenant and agreement herein by the Plaintiffs and Class Counsel shall be binding upon all Indirect Purchaser Settlement Class Members.

16.     **Integrated Agreement.**  This Settlement Agreement, together with exhibits hereto and the documents incorporated herein by reference, contains an entire, complete, and integrated statement of each and every term and provision agreed to by and among the parties hereto with respect to the transactions contemplated by this Agreement, and supersedes all prior agreements or understandings, whether written or oral, between or among any of the parties

hereto with respect to the subject matter hereof. This Settlement Agreement shall not be modified in any respect except by a writing executed by all of the signatories hereto.

17.   **Independent Settlement.** This Settlement is not conditioned on approval by any other member of the Indirect Purchaser Settlement Class or settlement of any other case.

18.   **Headings.** The headings used in this Settlement Agreement are intended for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement.

19.   **No Party is the Drafter.** None of the parties hereto shall be considered to be the drafter of this Settlement Agreement or any provision hereof for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

20.   **Intended Beneficiaries.** No provision of this Settlement Agreement will provide any rights to, or be enforceable by, any person or entity that is not Plaintiff, Class Counsel, or Actavis. Shire shall have no rights under this Settlement Agreement and cannot enforce its terms. Neither Plaintiffs nor Class Counsel may assign or otherwise convey any right to enforce or dispute any provision of this Settlement Agreement.

21.   **Choice of Law.** All terms of this Settlement Agreement shall be governed by and interpreted according to New York law.

22.   **Consent to Jurisdiction.** Actavis and each Indirect Purchaser Settlement Class Member hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for the District of Massachusetts for any suit, action, proceeding, or dispute arising out of or relating to this Settlement Agreement or the applicability of this Settlement Agreement, including, without limitation, any suit, action, proceeding, or dispute relating to the release

provisions herein. Nothing in this paragraph shall prohibit (a) the assertion in any forum in which a claim is brought that any release herein is a defense, in whole or in part, to such claim or (b) in the event that such a defense is asserted in such forum, the determination of its merits in that forum.

    **23.**    **Representations and Warranties.** The signatories hereto represent and warrant that they each have the requisite authority (or in the case of natural persons, the legal capacity) to execute, deliver, and perform this Settlement Agreement and to consummate the transactions contemplated hereby.

    **24.**    **No Admission.** Nothing in this Settlement Agreement, nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement, shall be construed as an admission or concession in any action or proceeding of any kind whatsoever, civil, criminal or otherwise, before any court, administrative agency, regulatory body, or any other body or authority, present or future, by Actavis, including, without limitation, that Actavis engaged in any conduct or practices that violate any antitrust statute or other law.

    **25.**    **Notice.** Notice to Actavis pursuant to this Settlement Agreement shall be sent by United States mail and electronic mail to:

> Christopher T. Holding
> Goodwin Procter LLP
> 100 Northern Avenue
> Boston, MA 02210
> cholding@goodwinlaw.com

    Notice to the Plaintiffs or Class Counsel pursuant to this Settlement Agreement shall be sent by United States mail and electronic mail to Class Counsel:

Conlee S. Whiteley
Kanner & Whiteley, LLC
701 Camp Street
New Orleans, LA 70130
Email: c.whiteley@kanner-law.com

26.     **Execution in Counterparts.** This Settlement Agreement may be executed in

counterparts.  Signatures transmitted by electronic means shall be considered valid signatures as

of the date signed.

IN WITNESS WHEREOF, the parties hereto through their fully authorized

representatives have agreed to this Settlement Agreement as of the date first herein above

written.

Ruben Honik
Golomb & Honik P.C.
1021 Kitchens Lane
Philadelphia, PA 19119
Tel: (215) 327-9166
rhonik@golombhonik.com

Conlee S. Whiteley
Kanner & Whiteley, LLC
701 Camp Street
New Orleans, LA 70130
Tel: (504) 524-5777
c.whiteley@kanner-law.com

*Attorneys for Plaintiffs and Class Counsel*
*for the Indirect Purchaser Settlement Class*

Dated: May 10, 2021

Christopher T. Holding
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Tel: (617) 570-1000
cholding@goodwinlaw.com

*Attorneys for Actavis Elizabeth LLC, and*
*Actavis Holdco U.S., Inc.*

Dated: May 11, 2021