## ESCROW AGREEMENT

This Escrow Agreement dated May ⎮◯ 2021, is made among Conlee S. Whiteley of Kanner & Whiteley, LLC ("Settlement Class Counsel"), Christopher T. Holding, Goodwin Procter LLP ("Defense Counsel"), and **THE HUNTINGTON NATIONAL BANK**, as escrow agent ("Escrow Agent").

<u>Recitals</u>

A.      This Escrow Agreement governs the deposit, investment and disbursement of the settlement funds that, pursuant to the Stipulation of Settlement (the "Settlement Agreement") dated May ⎮⎮, 2021 attached hereto as Exhibit A, entered into by, among others, Settlement Class Counsel on behalf of the plaintiffs Tina Picone, Carmen Richard, Shana Wright, and Sherry Cummisford, ("Plaintiffs") and Defense Counsel on behalf of the defendant Actavis Elizabeth LLC and Actavis Holdco US, Inc. ("Actavis"), will be paid to settle the class action captioned *In re Intuniv Antitrust Litigation*, C.A. No. 1:16-cv-12396-ADB (the "Action"), pending in the United States District Court for the District of Massachusetts.

B.      Pursuant to the terms of the Settlement Agreement, the Defendant has agreed to pay or cause to be paid the total amount of $1.1 million in cash (the "Settlement Amount") in settlement of the claims brought against the Defendant in the Action.

C.      The Settlement Amount, together with any interest accrued thereon, is to be deposited into escrow and used to satisfy payments to Authorized Claimants, payments for attorneys' fees and expenses, payments for tax liabilities, and other costs pursuant to the terms of the Settlement Agreement.

D.      Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Settlement Agreement.

<u>Agreement</u>

1.      <u>Appointment of Escrow Agent</u>.  The Escrow Agent is hereby appointed to receive, deposit and disburse the Settlement Amount upon the terms and conditions provided in this Escrow Agreement, the Settlement Agreement and any other exhibits or schedules later annexed hereto and made a part hereof.

2.      <u>The Escrow Account</u>.  The Escrow Agent shall establish and maintain an escrow account titled as "Intuniv Actavis Indirect Purchaser Qualified Settlement Fund" (the "Escrow Account").  Pursuant to the Settlement Agreement, the Defendant shall cause the Settlement Amount to be deposited into the Escrow Account within 10 business days following entry of the Court's order preliminarily approving the settlement.  Escrow Agent shall receive the Settlement Amount into the Escrow Account; the Settlement Amount and all interest accrued thereon shall be referred to herein as the "Settlement Fund."  The Settlement Fund shall be held and invested on the terms and subject to the limitations set forth herein, and shall be released by Escrow Agent in accordance with the terms and conditions hereinafter set forth and set forth in the

Settlement Agreement and in orders of the Court approving the disbursement of the Settlement Fund.

3. <u>Investment of Settlement Fund</u>. At the written direction of Settlement Class Counsel, Escrow Agent shall invest the Settlement Fund exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC") or (b) secured by instruments backed by the full faith and credit of the United States Government. Defendants shall not bear any responsibility for or liability related to the investment, disbursement, or other oversight of the Settlement Fund by the Escrow Agent.

4. <u>Escrow Funds Subject to Jurisdiction of the Court</u>. The Settlement Fund shall remain subject to the jurisdiction of the Court until such time as the Fund shall be distributed, pursuant to the Settlement Agreement and on further order(s) of the Court.

5. <u>Tax Treatment & Report</u>. The Settlement Fund shall be treated at all times as a "Qualified Settlement Fund" within the meaning of Treasury Regulation §1.468B-1. Settlement Class Counsel and, as required by law, the Defendant, shall jointly and timely make such elections as necessary or advisable to fulfill the requirements of such Treasury Regulation, including the "relation-back election" under Treas. Reg. § 1.468B-1(j)(2) if necessary to the earliest permitted date. For purposes of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" of the Settlement Fund shall be Settlement Class Counsel. Settlement Class Counsel shall timely and properly prepare, deliver to all necessary parties for signature, and file all necessary documentation for any elections required under Treas. Reg. §1.468B-1. Settlement Class Counsel shall timely and properly prepare and file any informational and other tax returns necessary or advisable with respect to the Settlement Funds and the distributions and payments therefrom including without limitation the returns described in Treas. Reg. §1.468B-2(k), and to the extent applicable Treas. Reg. §1.468B-2(1).

6. <u>Tax Payments of Settlement Fund</u>. All Taxes with respect to the Settlement Fund, as more fully described in the Settlement Agreement, shall be treated as and considered to be a cost of administration of the Settlement Fund and the Escrow Agent shall timely pay such Taxes out of the Settlement Fund without prior order of the Court, as directed by Settlement Class Counsel. Settlement Class Counsel shall be responsible for the timely and proper preparation and delivery of any necessary documentation for signature by all necessary parties, and the timely filing of all tax returns and other tax reports required by law. The Settlement Class Counsel may engage an accounting firm or tax preparer to assist in the preparation of any tax reports or the calculation of any tax payments due as set forth in Sections 5 and 6, and the expense of such assistance shall be paid from the Settlement Fund by the Escrow Agent at Settlement Class Counsel's direction. The Settlement Fund shall indemnify and hold the Defendant harmless for any taxes that may be deemed to be payable by the Defendant by reason of the income earned on the Settlement Fund, and Escrow Agent, as directed by Settlement Class Counsel, shall establish such reserves as are necessary to cover the tax liabilities of the Settlement Fund and the indemnification obligations imposed by this paragraph. If the

2

Settlement Fund is returned to the Defendant pursuant to the terms of the Settlement Agreement, the Defendant shall provide Escrow Agent with a properly completed Form W-9.

7.   <u>Disbursement Instructions</u>

(a)   Settlement Class Counsel may, without further order of the Court or authorization by the Defendant's Counsel, instruct Escrow Agent to disburse the funds necessary to pay Notice and Administration Expenses up to an aggregate amount of $50,000.

(b)   Disbursements other than those described in paragraph 7(a), including disbursements for distribution of Class Settlement Funds, must be authorized by either (i) an order of the Court, or (ii) the written direction of Conlee S. Whiteley, Settlement Class Counsel and Christopher T. Holding, Defense Counsel.

(c)   In the event funds transfer instructions are given (other than in writing at the time of execution of this Agreement), whether in writing, by facsimile, e-mail, telecopier or otherwise, Escrow Agent will seek confirmation of such instructions by telephone call back when new wire instructions are established to the person or persons designated in subparagraphs (a) and (b) above only if it is reasonably necessary, and Escrow Agent may rely upon the confirmations of anyone purporting to be the person or persons so designated. It will not be reasonably necessary to seek confirmation if Escrow Agent receives written letters authorizing a disbursement from each of the law firms required in subparagraphs (a) and (b), as applicable, on their letterhead and signed by one of the persons designated in subparagraphs (a) and (b). To assure accuracy of the instructions it receives, Escrow Agent may record such call backs. If Escrow Agent is unable to verify the instructions, or is not satisfied with the verification it receives, it shall not execute the instruction until all issues have been resolved. The persons and telephone numbers for call backs may be validly changed only in a writing that (i) is signed by the party changing its notice designations, and (ii) is received and acknowledged by Escrow Agent. Settlement Class Counsel and Defense Counsel agree to notify Escrow Agent of any errors, delays or other problems within 30 days after receiving notification that a transaction has been executed. If it is determined that the transaction was delayed or erroneously executed as a result of Escrow Agent's error, Escrow Agent's sole obligation is to pay or refund the amount of such error and any amounts as may be required by applicable law. Any claim for interest payable will be at the then-published rate for United States Treasury Bills having a maturity of 91 days.

(d)   The Escrow Agent shall not be liable for any losses, costs or expenses arising directly or indirectly from the Escrow Agent's reliance upon and compliance with such instructions notwithstanding such instructions conflict or are inconsistent with a subsequent written instruction. The party providing electronic instructions agrees; (i) to assume all risks arising out of the use of such electronic methods to submit instructions and directions to the Escrow Agent, including, without limitation, the risk of the Escrow Agent acting on unauthorized instructions, and the risk or interception and misuse by third parties; (ii) that it is fully informed of the protections and risks associated with the various methods of transmitting instructions to the Escrow Agent and that there may be more secure methods of transmitting instructions than the method(s) selected by the Escrow Agent; and (iii) that the security

3

procedures (if any) to be followed in connection with its transmission of instructions provide to it a commercially reasonable degree of protection in light of its particular needs and circumstances.

8.  <u>Termination of Settlement</u>.  If the Settlement Agreement terminates in accordance with its terms, Settlement Class Counsel and Defense Counsel shall jointly notify Escrow Agent of the termination of the Settlement Agreement.  Upon such notification, the balance of the Settlement Fund, together with any interest earned thereon, less any Notice and Administration Expenses paid and actually incurred in accordance with the terms of the Settlement Agreement but not yet paid, and any unpaid Taxes due, as determined by Settlement Class Counsel and Defense Counsel, shall be returned to the Defendant in accordance with instruction from Defense Counsel.

9.  <u>Fees</u>.  The Escrow Agent shall be entitled to compensation for its services as stated in the fee schedule attached as Exhibit B. All fees and expenses of Escrow Agent shall be paid solely from the Settlement Fund.  The Escrow Agent may pay itself such fees from the Settlement Fund only after such fees have been approved for payment by Settlement Class Counsel.  If Escrow Agent is asked to provide additional services, such as the preparation and administration of payments to Authorized Claimants, a separate agreement and fee schedule will be entered into.

10.  <u>Duties, Liabilities and Rights of Escrow Agent</u>.  This Escrow Agreement sets forth all of the obligations of Escrow Agent, and no additional obligations shall be implied from the terms of this Escrow Agreement or any other agreement, instrument or document.

(a)  Escrow Agent may act in reliance upon any instructions, notice, certification, demand, consent, authorization, receipt, power of attorney or other writing delivered to it by Settlement Class Counsel or Counsel for the Defendant, as provided herein, without being required to determine the authenticity or validity thereof or the correctness of any fact stated therein, the propriety or validity of the service thereof, or the jurisdiction of the court issuing any judgment or order.  Escrow Agent may act in reliance upon any signature which is reasonably believed by it to be genuine, and may assume that such person has been properly authorized to do so.

(b)  Escrow Agent may consult with legal counsel of its selection in the event of any dispute or question as to the meaning or construction of any of the provisions hereof or its duties hereunder, and it shall incur no liability and shall be fully protected to the extent Escrow Agent acts in accordance with the reasonable opinion and instructions of counsel.  Escrow Agent shall have the right to reimburse itself for reasonable legal fees and reasonable and necessary disbursements and expenses actually incurred from the Escrow Account only (i) upon approval by Settlement Class Counsel and the Defendant or (ii) pursuant to an order of the Court.

(c)  The Escrow Agent, or any of its affiliates, is authorized to manage, advise, or service any money market mutual funds in which any portion of the Settlement Fund may be invested.

4

(d)    Escrow Agent is authorized to hold any treasuries held hereunder in its federal reserve account.

(e)    Escrow Agent shall not bear any risks related to the investment of the Settlement Fund in accordance with the provisions of paragraph 3 of this Escrow Agreement. The Escrow Agent will be indemnified by the Settlement Fund, and held harmless against, any an all claims, suits, actions, proceedings, investigations, judgments, deficiencies, damages, settlements, liabilities and expenses (including reasonable legal fees and expenses of attorneys chosen by the Escrow Agent) as and when incurred, arising out of or based upon any act, omission, alleged act or alleged omission by the Escrow Agent or any other cause, in any case in connection with the acceptance of, or performance or non-performance by the Escrow Agent of, any of the Escrow Agent's duties under this Agreement, except as a result of the Escrow Agent's material breach of this Escrow Agreement, bad faith, willful misconduct or gross negligence.

(f)    Upon distribution of all of the funds in the Escrow Account pursuant to the terms of this Escrow Agreement and any orders of the Court, Escrow Agent shall be relieved of any and all further obligations and released from any and all liability under this Escrow Agreement, except as otherwise specifically set forth herein.

(g)    In the event any dispute shall arise between the parties with respect to the disposition or disbursement of any of the assets held hereunder, the Escrow Agent shall be permitted to interplead all of the assets held hereunder into a court of competent jurisdiction, and thereafter be fully relieved from any and all liability or obligation with respect to such interpleaded assets. The parties further agree to pursue any redress or recourse in connection with such a dispute, without making the Escrow Agent a party to same.

11.    <u>Non-Assignability by Escrow Agent</u>.    Escrow Agent's rights, duties and obligations hereunder may not be assigned or assumed without the written consent of Settlement Class Counsel and the Defendant.

12.    <u>Resignation of Escrow Agent</u>.    Escrow Agent may, in its sole discretion, resign and terminate its position hereunder at any time following 120 days prior written notice to the parties to the Escrow Agreement herein.  On the effective date of such resignation, Escrow Agent shall deliver this Escrow Agreement together with any and all related instruments or documents and all funds in the Escrow Account to the successor Escrow Agent, subject to this Escrow Agreement. If a successor Escrow Agent has not been appointed prior to the expiration of 120 days following the date of the notice of such resignation, then Escrow Agent may petition the Court for the appointment of a successor Escrow Agent, or other appropriate relief.  Any such resulting appointment shall be binding upon all of the parties to this Escrow Agreement.

13.    <u>Notices</u>.  Notice to the parties hereto shall be in writing and delivered by hand-delivery, facsimile, electronic mail or overnight courier service, addressed as follows:

| If to Settlement Class Counsel: | Conlee S. Whiteley, Esq.<br>Kanner & Whiteley, LLC<br>701 Camp Street<br>New Orleans, LA 70130<br>Tel: (504) 524-5777<br>c.whiteley@kanner-law.com |
|---|---|
| If to Defense Counsel: | Christopher T. Holding. Esq.<br>Goodwin Procter LLP<br>100 Northern Avenue<br>Boston, MA 02210<br>cholding@goodwinlaw.com<br>sfrederick@goodwinlaw.com |
| If to Escrow Agent: | THE HUNTINGTON NATIONAL BANK<br>Liz Lambert, Senior Managing Director<br>1150 First Avenue, Suite 501<br>King of Prussia, PA 19406<br>Telephone: (215) 568-2382<br>a)    E-mail:  liz.lambert@huntington.com<br><br>b)    Susan Brizendine, Trust Officer<br>c)    Huntington National Bank<br>d)    7 Easton Oval – EA5W63<br>e)    Columbus, Ohio 43219<br>f)    Telephone: (614) 331-9804<br>g)    E-mail: susan.brizendine@huntington.com |

14.    Patriot Act Warranties. Section 326 of the USA Patriot Act (Title III of Pub. L. 107-56), as amended, modified or supplemented from time to time (the "Patriot Act"), requires financial institutions to obtain, verify and record information that identifies each person or legal entity that opens an account (the "Identification Information"). The parties to this Escrow Agreement agree that they will provide the Escrow Agent with such Identification Information as the Escrow Agent may request in order for the Escrow Agent to satisfy the requirements of the Patriot Act.

15.    Entire Agreement. This Escrow Agreement, including all Schedules and Exhibits hereto, constitutes the entire agreement and understanding of the parties hereto.    Any modification of this Escrow Agreement or any additional obligations assumed by any party hereto shall be binding only if evidenced by a writing signed by each of the parties hereto. To the extent this Escrow Agreement conflicts in any way with the Settlement Agreement, the provisions of the Settlement Agreement shall govern.

16.    Governing Law.  This Escrow Agreement shall be governed by the law of the State of Ohio in all respects.  The parties hereto submit to the jurisdiction of the Court, in connection with any proceedings commenced regarding this Escrow Agreement, including, but not limited to, any interpleader proceeding or proceeding Escrow Agent may commence pursuant to this Escrow Agreement for the appointment of a successor escrow agent, and all parties hereto submit to the jurisdiction of such Court for the determination of all issues in such proceedings, without regard to any principles of conflicts of laws, and irrevocably waive any objection to venue or inconvenient forum.

17.    Termination of Escrow Account.  The Escrow Account will terminate after all funds deposited in it, together with all interest earned thereon, are disbursed in accordance with the provisions of the Settlement Agreement and this Escrow Agreement.

18.    Miscellaneous Provisions.

(a)    Counterparts.  This Escrow Agreement may be executed in one or more counterparts, each of which counterparts shall be deemed to be an original and all of which counterparts, taken together, shall constitute but one and the same Escrow Agreement.

(b)    Further Cooperation.  The parties hereto agree to do such further acts and things and to execute and deliver such other documents as Escrow Agent may request from time to time in connection with the administration, maintenance, enforcement or adjudication of this Escrow Agreement in order (a) to give Escrow Agent confirmation and assurance of Escrow Agent's rights, powers, privileges, remedies and interests under this Agreement and applicable law, (b) to better enable Escrow Agent to exercise any such right, power, privilege or remedy, or (c) to otherwise effectuate the purpose and the terms and provisions of this Escrow Agreement, each in such form and substance as may be acceptable to Escrow Agent.

7

(c)     Non-Waiver. The failure of any of the parties hereto to enforce any provision hereof on any occasion shall not be deemed to be a waiver of any preceding or succeeding breach of such provision or any other provision.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first above written.

THE HUNTINGTON NATIONAL BANK, as Escrow Agent

By: _____

Liz Lambert, Senior Managing Director

Settlement Class Counsel

By: _____

Conlee S. Whiteley, Esq.
Kanner & Whiteley, LLC
701 Camp Street
New Orleans, LA 70130
Tel: (504) 524-5777
c.whiteley@kanner-law.com

Defense Counsel

By: _____

Christopher T. Holding
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
cholding@goodwinlaw.com

8

**Exhibit A**

**Settlement Agreement**

**Exhibit B**

**Fees of Escrow Agent**

**Acceptance Fee:**                                              **Waived**

The Acceptance Fee includes the review of the Escrow Agreement,
acceptance of the role as Escrow Agent, establishment of Escrow
Account(s), and receipt of funds.

**Annual Administration Fee:**                                   **Waived**

The Annual Administration Fee includes the performance of
administrative duties associated with the Escrow Account
including daily account management, generation of account
statements to appropriate parties, and disbursement of funds in
accordance with the Escrow Agreement.  Administration Fees are
payable annually in advance without proration for partial years.

**Out of Pocket Expenses:**                                      **Waived**

Out of pocket expenses include postage, courier, overnight mail,
wire transfer, and travel fees.

10