UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re INTUNIV ANTITRUST LITIGATION<br><br>This Document Relates to *All Indirect Purchaser Actions* | )<br>)<br>)<br>) Lead Case No. 1:16-cv-12396-ADB<br>)<br>)<br>)<br>) |

**[PROPOSED] FINAL APPROVAL ORDER OF PLAINTIFFS' SETTLEMENT WITH DEFENDANT ACTAVIS, AND ORDER GRANTING FINAL JUDGMENT**

Pursuant to Fed. R. Civ. P. 23(e) and in accordance with the terms of the Settlement Agreement dated May 10, 2020 between plaintiffs, Tina Picone, Carmen Richard, Shana Wright, and Sherry Cummisford ("Plaintiffs") individually and on behalf of the Indirect Purchaser Settlement Class as defined below ("Indirect Purchaser Settlement Class", or "Settlement Class", or "Class") and defendant Actavis Elizabeth LLC, Actavis LLC, and Actavis Holdco US, Inc. ("Actavis"), it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. This Final Judgment and Order of Dismissal hereby incorporates by reference the definitions in the Settlement Agreement between Plaintiffs and Actavis. All capitalized terms used and not otherwise defined herein shall have the meanings set forth in the Settlement Agreement.

2. On _____, the Court issued an order on Indirect Purchasers' motion for preliminary approval certifying provisionally the following Indirect Purchaser Settlement Class for settlement purposes only:

> For the period beginning November 15, 2012, to the present, all persons in Arizona, California, Florida, Iowa, Maine, Massachusetts, Michigan,

ACTIVE/109819337.1

Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Dakota, Tennessee, Vermont, West Virginia, Wisconsin, and the District of Columbia (A) who purchased brand or generic Intuniv in the United States for personal or household use, and who paid the purchase price themselves; and (B) all persons covered by commercial health insurance who purchased brand Intuniv in the United States for personal or household use, and who paid some of the purchase price pursuant to a co-payment or co-insurance provision.

Excluded from the Class are: (1) third-party payors; (2) persons and entities who purchased directly from Defendants; (3) persons and entities who purchased only for resale purposes; (4) "flat co-pay" or "Cadillac Plan" customers who made purchases only via fixed dollar co-payments that do not vary between a branded pharmaceutical and a generic equivalent; (5) governmental entities; (6) Defendants, as well as their officers, directors, affiliates, legal representatives; and (7) the judge, justices, magistrates, or judicial officers presiding over this matter.

3. In the same order, the Court appointed Conlee S. Whiteley and Ruben Honik as Lead Counsel for the Indirect Purchaser Settlement Class for settlement purposes.

4. Plaintiffs and Lead Counsel, along with additional counsel for Plaintiffs and the Class ("Class Counsel"), have fairly and adequately represented the interests of the Indirect Purchaser Settlement Class and satisfied the requirements of Fed. R. Civ. P. 23(g).

3. The Court has jurisdiction over these actions, each of the parties, and all members of the Indirect Purchaser Settlement Class for all manifestations of this case, including this Settlement.

4. The Notice of Settlement (substantially in the form previously presented to this Court as Exhibit _ to the Motion to Approve Proposed Notice Plan (the "Notice") provided to the members of the Indirect Purchaser Settlement Class via publication, constituted the best notice practicable under the circumstances. In making this determination, the Court finds that the Notice provided to members of the Indirect Purchaser Settlement Class is sufficient to meet the standards of due process. Pursuant to, and in accordance with, Fed. R. Civ. P. 23, the Court

hereby finds that the Notice provided to members of the Indirect Purchaser Settlement Class constitutes due and adequate notice of the Settlement, the Settlement Agreement, these proceedings, and the rights of Indirect Purchaser Class members to object to the Settlement.

6. Due and adequate notice of the proceedings having been given to the Indirect Purchaser Settlement Class members and a full opportunity having been offered to them to participate in the ___, 2021 Fairness Hearing, it is hereby determined that all Indirect Purchaser Settlement Class members are bound by this Order and Final Judgment.

7. The Settlement of this Action was not the product of collusion between the Plaintiffs and Actavis or their respective counsel, but rather was the result of *bona fide* and extensive arm's-length negotiations conducted in good faith between Lead Counsel and counsel for Actavis.

8. Pursuant to Fed. R. Civ. P. 23, the Court hereby approves the Settlement, and finds that the Settlement is, in all respects, fair, reasonable and adequate to Indirect Purchaser Settlement Class members and in their best interests. Accordingly, the Settlement shall be consummated in accordance with the terms of the Settlement Agreement.

9. The Court hereby approves the prior filled Plan of Allocation of the Settlement Fund as proposed by Class Counsel allocating settlement funds on a pro rata basis, and directs KCC, the firm retained by Class Counsel as the Claims Administrator, to distribute the net Settlement Fund as provided in the Plan of Allocation.

10. All claims against Actavis in *In re Intuniv Antitrust Litigation*, C.A. No. 1:16-cv- 12653-ADB (the "Action"), are hereby dismissed with prejudice, and without costs (other than as provided herein).

11. Upon the Settlement Agreement becoming final in accordance with the

3

Settlement Agreement, Plaintiffs and all members of the Indirect Purchaser Settlement Class (on behalf of themselves and their respective past, present, and future parents, subsidiaries, divisions, affiliates, joint ventures, stockholders, and general or limited partners, as well as their past, present, and future respective officers, directors, employees, trustees, insurers, agents, associates, attorneys, and any other representatives thereof, and the predecessors, heirs, executors, administrators, successors, and assigns of each of the foregoing), on their own behalf and as assignee or representative of any other entity, release Actavis (and its past, present, and future parents, subsidiaries, divisions, affiliates, joint ventures, stockholders, and general or limited partners, as well as their past, present, and future respective officers, directors, employees, trustees, insurers, agents, associates, attorneys, and any other representatives thereof, and the predecessors, heirs, executors, administrators, successors, and assigns of each of the foregoing) (the "Actavis Releasees") from all claims, rights, debts, obligations, demands, actions, suits, causes of action, damages whenever incurred, known or unknown, liabilities, including costs, expenses, penalties, and attorneys' fees, that were or could have been brought against Actavis in this litigation relating to brand or generic Intuniv, or that arise out of or relate, in whole or in part in any manner, to:

> (a) the subject matter of or acts, omissions, or other conduct alleged in the complaints in this Action, any prior complaints or subsequent amended complaints filed in this Action; (b) all claims concerning alleged delayed entry of generic versions of Intuniv (including any authorized generic) that could have been asserted in this Action; and/or (c) any and all claims alleging that any agreement between Actavis and Shire relating to brand and/or generic Intuniv resulted in the delayed entry of generic versions of generic Intuniv (including any authorized generic), (collectively, this entire paragraph the "Released Claims").

4

Accordingly, Plaintiffs and the Indirect Purchaser Settlement Class shall not sue or otherwise seek to establish or impose liability against the Actavis Releasees based, in whole or in part, on any of the Released Claims.

12. In addition, Plaintiffs and each member of the Indirect Purchaser Settlement Class expressly waive and release any and all provisions, rights, and benefits conferred by § 1542 of the California Civil Code, which reads:

> Section 1542. <u>General release–claims extinguished</u>. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiffs and each member of the Indirect Purchaser Settlement Class also expressly waive and release any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or other jurisdiction, or principle of common law, which is similar, comparable, or equivalent to § 1542 of the California Civil Code. Plaintiffs and each member of the Indirect Purchaser Settlement Class may hereafter discover facts other than or different from those that it knows or believes to be true with respect to the claims that are the subject of this Paragraph, but Plaintiffs and each member of the Indirect Purchaser Settlement Class expressly waive and fully, finally, and forever settle and release as to the Actavis Releasees only any known or unknown, suspected or unsuspected, accrued or unaccrued, contingent or non-contingent claim that would otherwise fall within the definition of Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. For the avoidance of doubt, Plaintiffs and each member of the Indirect Purchaser Settlement Class also expressly waive and fully, finally, and forever settle and release any and all claims that would otherwise fall within the definition of Released Claims it may have against any of the Actavis

5

Releasees under § 17200, *et seq*., of the California Business and Professions Code or any similar, comparable, or equivalent provision of the law of any other state or territory of the United States or other jurisdiction, which claims are expressly incorporated into the definition of Released Claims.

13. As set forth in the Settlement Agreement, notwithstanding the foregoing, Released Claims shall not include any claims arising in the ordinary course of business between Plaintiffs and/or member(s) of the Indirect Purchaser Settlement Class and the Released Parties concerning Article 2 of the Uniform Commercial Code (pertaining to sales), the laws of negligence, product liability or implied warranty, breach of warranty, breach of contract (other than breach of contract based in whole or in part on any of the Released Claims), or personal or bodily injury. No party other than the Actavis Releasees is intended to be, or is, included within the scope of the release contained herein.  For the avoidance of doubt, neither Shire nor their future parent(s) or successor(s) in interest is intended to be, or is, included within the scope of this release. This Settlement as to Actavis only is not intended to release any claims other than those specified in herein.

14. Upon the Settlement Agreement becoming final in accordance with the Settlement Agreement, Actavis releases Plaintiffs and the Class from all claims, regardless of legal theory, that would have been a compulsory counterclaim in this Action. Neither Actavis nor any other Actavis Releasee shall sue or otherwise seek to establish or impose liability against any Plaintiffs and/or the Indirect Purchaser Settlement Class for any and all claims, regardless of legal theory, that would have been a compulsory counterclaim in this Action.

15. Class Counsel have moved for an award of attorneys' fees and reimbursement of expenses. Class Counsel request an award of attorneys' fees of_____% of the Settlement

amount (including the interest accrued thereon) and reimbursement of the reasonable costs and expenses incurred in the prosecution of this action in the amount of $___. Such motion has been on the docket and otherwise publicly available since _____, 20 .

16. Upon consideration of Class Counsel's petition for fees, costs and expenses, Class Counsel are hereby awarded attorneys' fees totaling _____ (representing _____ % of the Settlement Fund) and costs and expenses totaling _____, together with a proportionate share of the interest thereon from the date the funds are deposited in the Settlement Escrow Account until payment of such attorneys' fees, costs and expenses, at the rate earned by the Settlement Fund, to be paid solely from the Settlement Fund and only if and after the Settlement becomes final in accordance with Paragraphs 5 and 6 of the Settlement Agreement.

17. Lead Counsel shall allocate and distribute such attorneys' fees and expenses among the various Class Counsel which have participated in this litigation. The Releasees shall have no responsibility for, and no liability whatsoever with respect to, any payment or disbursement of attorneys' fees and expenses among Class Counsel nor with respect to any allocation of attorneys' fees or expense to any other person or entity who may assert any claim thereto. The attorneys' fees and expenses authorized and approved by this Final Judgment and Order shall be paid to Kanner & Whiteley, L.L.C. within five days after this Settlement becomes final pursuant to Paragraph 5 of the Settlement Agreement or as soon thereafter as is practical and in accordance with the terms of the Settlement Agreement and the Escrow Agreement. The attorneys' fees and expenses authorized and approved by this Final Judgment and Order shall constitute full and final satisfaction of any and all claims that Plaintiffs and any Indirect Purchaser Settlement Class member, and their respective counsel, may have or assert

for reimbursement of fees, costs, and expenses, and incentive awards against Actavis, and Plaintiffs and members of the Indirect Purchaser Settlement Class, and their respective counsel, shall not seek or demand payment of any fees and/or costs and/or expenses and/or incentive awards from Actavis other than from the Settlement Fund.

18. The Court retains exclusive jurisdiction over the Settlement and the Settlement Agreement as described therein, including the administration and consummation of the Settlement, and over this Final Judgment and Order.

19. The Court finds that this Final Judgment and Order adjudicates all of the claims, rights and liabilities of the parties to the Settlement Agreement (including the members of the Class), and is final and shall be immediately appealable. Neither this Order nor the Settlement Agreement nor any other Settlement-related document shall constitute any evidence, admission, or concession by Actavis or any other Releasee, in this or any other matter or proceeding of any kind whatsoever, civil, criminal or otherwise, before any court, administrative agency, regulatory body, or any other body or authority, present or future, nor shall either the Settlement Agreement, this Order, or any other Settlement-related document be offered in evidence or used for any other purpose in this or any other matter or proceeding except as may be necessary to consummate or enforce the Settlement Agreement, the terms of this Order, or if offered by any Releasee in responding to any action purporting to assert Released Claims, or if offered by any Releasor in asserting that a claim is not a Released Claim, including because such claim is covered by the Settlement Agreement.

SO ORDERED this ____ day of _____, 2021

_____
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE