IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re INTUNIV ANTITRUST LITIGATION<br><br>This Document Relates to *All Indirect Purchaser Actions* | )<br>)<br>)<br>)  Lead Case No. 1:16-cv-12396-ADB<br>)<br>)<br>)<br>) |

**ORDER GRANTING INDIRECT PURCHASER PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT WITH DEFENDANTS ACTAVIS AND SHIRE AND PROPOSED SCHEDULE FOR A FAIRNESS HEARING**

Upon review and consideration of Indirect Purchaser Plaintiffs' Motion for Preliminary Approval of Proposed Settlement and Proposed Schedule for a Fairness Hearing, the exhibits thereto, and any hearing thereon, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

**I.  JURISDICTION**

1. This Court has jurisdiction over the named plaintiffs, individually and on behalf of the certified Indirect Purchaser Class in this action as defined below ("Indirect Purchaser Class"), and Actavis Elizabeth LLC, Actavis LLC, and Actavis Holdco US, Inc. ("Actavis") and Shire U.S., Inc. and Shire, LLC ("Shire"); and jurisdiction over the litigation to which Plaintiff and Actavis and Shire are parties.[1]

**II.  PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT**

2. "[T]he approval of a settlement agreement is a two-step process, which first

---

[1] This Order hereby incorporates by reference the definitions in the Settlement Agreements among Plaintiffs, individually and on behalf of the Indirect Purchaser Class, and Actavis and Shire respectively. All capitalized terms used and not otherwise defined herein shall have the meanings set forth in the Settlement Agreement.

requires the court to make a preliminary determination regarding the fairness, reasonableness, and adequacy of the settlement terms. It is only after the second step, a fairness hearing has taken place, however, that the court may "approve" the settlement agreement. *Hochstadt v. Boston Scientific Corp.*, 708 F.Supp.2d 95, 97 n.1 (D. Mass. 2010) (citing *Federal Judicial Center, Manual for Complex Litigation* §13.14 (4th ed. 2004) ("*Manual*")). "It is inherently difficult to determine the fairness and adequacy of a proposed settlement in the preliminary review context where the parties have advanced a settlement in lieu of litigation. Courts and commentators, nevertheless, have developed a presumption that the settlement is within the range of reasonableness when certain procedural guidelines have been followed." *In re M3 Power Razor*, 270 F.R.D. at 62. These are: "(1) the negotiations occurred at arm's length; (2) there was sufficient discovery; (3) the proponents of the settlement are experienced in similar litigation; and (4) only a small fraction of the class objected." *In re Lupron Mtkg. & Sales Pracs. Litig.*, 345 F. Supp. 2d 135, 137 (D. Mass. 2004). (The fourth factor is more often relevant for purposes of final approval, after notice has issued and class members have been given an opportunity to object to a settlement.) The Settlement satisfies this standard.

3. The Court finds that the Settlement, which includes a cash payment of $1,100,000 by Actavis and a cash payment of $1,850,000 by Shire into an escrow account for the benefit of the Class (the "Settlement Fund") in exchange for, *inter alia,* dismissal of the litigation between Plaintiffs individually and on behalf of the Indirect Purchaser Class and Actavis and Shire, with prejudice, and releases of claims filed or that could have been filed against Actavis and/or Shire by Plaintiffs, as set forth in the Settlement Agreement, was arrived at by arm's-length negotiations by highly experienced counsel, after almost four years of litigation, after full fact and expert discovery, and with summary judgment motions ruled upon, falls within the range of

34577

possibly approvable settlements. The Settlement is therefore preliminarily approved, subject to further consideration at the Fairness Hearing provided for below.

4. Accordingly, the Court provisionally certifies the following class for settlement purposes only:

> For the period beginning November 15, 2012, to the present, all persons in Alabama, Arizona, California, Florida, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Dakota, Tennessee, Utah, Vermont, West Virginia, Wisconsin, and the District of Columbia (A) who purchased brand or generic Intuniv in the United States for personal or household use, and who paid the purchase price themselves; and (B) all persons covered by commercial health insurance who purchased brand Intuniv in the United States for personal or household use, and who paid some of the purchase price pursuant to a co-payment or co-insurance provision.
>
> Excluded from the Class are: (1) third-party payors; (2) persons and entities who purchased directly from Defendants; (3) persons and entities who purchased only for resale purposes; (4) "flat co-pay" or "Cadillac Plan" customers who made purchases only via fixed dollar co-payments that do not vary between a branded pharmaceutical and a generic equivalent; (5) governmental entities; (6) Defendants, as well as their officers, directors, affiliates, legal representatives; and (7) the judge, justices, magistrates, or judicial officers presiding over this matter.

5. Pursuant to Rule 23(a)(4), the Court determines, in connection with and solely for purposes of Settlement, that Plaintiffs, Tina Picone, Carmen Richard, Shana Wright, and Sherry Cummisford, will fairly and adequately protect the interests of the Indirect Purchaser Class. Plaintiffs' interests in connection with Settlement do not conflict with the interests of absent members of the Indirect Purchaser Class. All of the Indirect Purchaser Class members share a common interest in proving the alleged anti-competitive conduct, and recovering the overcharge damages sought in the complaints filed by Plaintiffs and others on behalf of the Indirect Purchaser Class. Accordingly, in connection with and solely for purposes of Settlement, the Court appoints

34577

Plaintiffs as representatives of the Class.

6.  The Court appoints Conlee S. Whiteley and Ruben Honik as lead counsel for the Indirect Purchaser Settlement Class. For purposes of these settlement approval proceedings, the Court finds that these attorneys are competent and capable of exercising their responsibilities as counsel for the Indirect Purchaser Class and have fairly and adequately represented the interests of the Indirect Purchaser Class for settlement purposes.

7.  The Court finds, for settlement purposes and conditioned upon the entry of this Order, the Final Order, and the Final Judgment, and the occurrence of the Final Effective Date, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied. The Court finds, in the specific context of this settlement, that the following requirements are met: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) Plaintiffs' claims are typical of the claims of the Settlement Class Members that Plaintiffs seek to represent for purposes of settlement; (d) Plaintiffs have fairly and adequately represented the interests of the Settlement Class and will continue to do so, and Plaintiffs have retained experienced counsel to represent them; (e) questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) a class action provides a fair and efficient method for settling the controversy under the criteria set forth in Rule 23.

8.  The Court also concludes that, because this action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a class action involving the issues in this case.

9.  The Court finds that the settlement falls within the range of reasonableness

34577

because it provides for meaningful remediation relative to the merits of Plaintiffs' claims and Actavis's and Shire's defenses. The settlement also has key indicia of fairness, in that: (1) the negotiations occurred at arm's length; (2) there was discovery; and (3) the proponents of the settlement are experienced in similar litigation.

### III. **NOTICE TO THE CLASS, SUBSEQUENT DEADLINES**

10. The Court finds that there is a reasonable basis to issue Notice to the Class. Within 14 days of this order, Plaintiffs will present a form of proposed Notice to the Court in connection with this Settlement, as well as a recommended timetable and procedure for requests for exclusion from the settlement, objections to the Settlement, the submission of any request for attorneys' fees and costs, and the scheduling of a final approval hearing and the filings in support of that motion. Along with the filings in support of final approval, Plaintiffs will present a Plan of Allocation indicating Plaintiffs' proposal for allocation and distribution of the Settlement funds.

11. The Court appoints Huntington Bank for the purpose of serving as the Escrow Agent holding the Settlement Fund. All expenses incurred by the Escrow Agent, if any, must be reasonable. Such expenses are subject to Court approval other than as provided for in the Settlement Agreement, and shall be payable solely from the Settlement Fund. A copy of the Escrow Agreement executed by Liz Lambert of Huntington Bank and Actavis or Shire is annexed as **Exhibit D** to the Settlement Agreements.

12. All matters between the parties to this Settlement are stayed pending the matters set forth in Paragraph 10 above.

13. Neither this Order, nor the Settlement Agreements, nor any other settlement-related document, nor anything contained herein or therein or contemplated hereby or thereby, nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement

34577

or herein or in any other settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession in any action or proceeding of any kind whatsoever, civil, criminal or otherwise, before any court, administrative agency, regulatory body or any other body or authority, present or future, by Actavis or Shire including, without limitation, that Actavis or Shire engaged in any conduct or practices that violate any antitrust statute or other law.

SO ORDERED this __11__ day of __August__, 2021

_____
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE

34577