UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re INTUNIV ANTITRUST LITIGATION<br><br>This Document Relates to *All Indirect Purchaser Actions* | *<br>*<br>*<br>*<br>*<br>*  Lead Case No. 16-cv-12396-ADB<br>*<br>*<br>*<br>*<br>*<br>* |

## ORDER GRANTING INDIRECT PURCHASER PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

The Court previously approved a Settlement in this action between the named Plaintiffs[1] who were acting on behalf of a settlement class of indirect purchaser plaintiffs ("Plaintiffs") and Defendants Shire U.S., Inc., Shire, LLC, Actavis LLC, Actavis Elizabeth, LLC, and Actavis Holdco US, Inc., see [ECF Nos. 382, 385], but reserved the issue of attorneys' fees, costs, and service awards pending additional submissions by the parties, [ECF No. 376].

In their original motion for fees, costs, and service awards, Class Counsel requested: (1) $1,066,177.45 in costs and expenditures; (2) attorneys' fees totaling 25 percent of the Settlement fund, or $737,500.00; and (3) $20,000.00 in service awards, which is $5,000.00 for each of the four named Plaintiffs. [ECF No. 377 at 5–6; ECF No. 377-2 (Proposed Order)]. Federal Rule of Civil Procedure 23(h) provides that "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." At the hearing on the Settlement, the Court indicated that Plaintiffs' fee request and service awards

---

[1] The named Plaintiffs are Tina Picone, Carmen Richard, Shana Wright, and Sherry Cummisford.

1

were reasonable, but that it was concerned about the costs in proportion to the total recovery and wanted more detail about the costs (mostly expert fees). Following the hearing, as requested by the Court, Class Counsel submitted supplemental information for in camera review in support of their costs request, which included information about the rates charged by their twelve expert witnesses,[2] the number of hours each expert worked on the case, the allocation of expert costs between the Plaintiffs in this case and the Direct Purchaser Plaintiffs in the companion litigation, and Class Counsel's travel and lodging arrangements. See [ECF No. 378].

The Court now formally finds that, under the facts of this case, a fee of 25 percent of the Settlement fund is reasonable. See Latorraca v. Centennial Techs. Inc., 834 F. Supp. 2d 25, 27 (D. Mass. 2011). The Court notes that no class members objected to the fee request, [ECF No. 377 at 10], and recognizes the diligent efforts of Class Counsel in their lengthy and successful prosecution of this litigation. As such, the Court is satisfied that the fee award requested is fair and appropriate. This conclusion is reinforced by the fact that the 25 percent represents less than the lodestar approximation provided by Class Counsel. See [id. at 12]. The Court additionally approves the service awards for the four named Plaintiffs, which are appropriate reimbursements for their level of participation this litigation. See Bezdek v. Vibram USA Inc., 79 F. Supp. 3d 324, 352 (D. Mass. 2015), aff'd, 809 F.3d 78 (1st Cir. 2015); Jean-Pierre v. J&L Cable TV Servs., Inc., 538 F. Supp. 3d 208, 216 (D. Mass. 2021).

This leaves the issue of costs. The Settlement established a common fund in the amount of $2,950,000.00. [ECF No. 377 at 5]. The requested costs and expenditures total $1,066,177.45, or more than a third of the total Settlement amount. Id. Together with the fee

---

[2] The bulk of Class Counsel's litigation costs are made up of expert costs, $858,066.00. [ECF No. 377-1 at 5].

percentage and service awards, the $1,066,177.45 sought by Class Counsel would, if allowed, reduce the amount available to class members from $2,950,000.00 to $860,710.36,[3] meaning that the costs could significantly exceed the benefit to the class. [ECF No. 386 at 4].

Following a close review of the supplemental materials provided, the Court approves the request for costs, albeit somewhat reluctantly. The Court does not intend to diminish the time and effort expended by Class Counsel over the four and a half years of this litigation, including on significant motion practice, extensive expert and fact discovery involving challenging legal and cross-disciplinary issues, and negotiating a complex resolution to this complicated case. See [ECF No. 377 at 7–12]. That being said, class action settlements that result in attorneys or, as in this case, experts, making more money than class members continue to concern the Court and warrant careful scrutiny. Here, after fees, costs, and service awards are deducted, the amount available to the class is less than one third of the Settlement fund. The Court is aware of the financial risk inherent in Plaintiffs' class action litigation and does not believe that funds should stay in the pockets of malfeasors, but it is also mindful of its obligation to "safeguard the corpus of the fund for the benefit of the plaintiff class." In re Fidelity/Micron Sec. Litig., 167 F.3d 735, 736 (1st Cir. 1999). Here, the Court has observed the high-quality legal work done on this case and is comfortable relying on Class Counsel's determination that the extensive expert work done during the pendency of this litigation was necessary. Further, no class members objected to the expenditure request. [ECF No. 377 at 10]. All factors considered, the Court is satisfied that reimbursing the costs incurred in successfully litigating and resolving this matter to the benefit of the class is fair and appropriate. The Court nevertheless takes this occasion to remind litigants to

---

[3] An additional administration cost of $265,858.81 and the tax reserve of $12.31 are to be added to the total expenditure request. [ECF No. 386 at 3].

3

endeavor to keep costs under control and to reiterate that the common fund approach does not give them "carte blanche to spend freely" with the expectation that they will be reimbursed.[4] In re Fidelity, 167 F.3d at 737.

Thus, following a careful review of the supporting documentation submitted by counsel, the Court finds that the expenses were reasonably incurred. It is therefore now ORDERED that the motion for fees, costs, and service awards, [ECF No. 376], is GRANTED as follows:

1. Class Counsel are awarded $1,066,177.45 in costs from the Settlement fund.

2. Class Counsel are awarded 25 percent of the Settlement fund in the amount of $737,500.00.

3. Each named Plaintiff is awarded a service award in the amount of $5,000.00 from the Settlement fund, totaling $20,000.00.

**SO ORDERED.**

January 26, 2022                            /s/ Allison D. Burroughs
                                            ALLISON D. BURROUGHS
                                            U.S. DISTRICT JUDGE

---

[4] An argument could be fairly made that attorneys' fees should be calculated as a percentage of what remains in the common fund following all allowed disbursements.